Douglas Wayne THOMPSON, Appellant,

v.

Jeffrey L. COVINGTON, FBI Agent at Kansas City, Missouri; Walter C. Weber, FBI Special Agent at Kansas City, Missouri, Appellees.

No. 94–2254.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 9, 1995.

Decided Feb. 15, 1995.

Appellant pro se.

Alleen S. Castellani, Asst. U.S. Atty., Kansas City, MO, for appellee.

Before FAGG, MAGILL, and BEAM, Circuit Judges.

PER CURIAM.

Douglas Wayne Thompson appeals the district court's dismissal with prejudice of his civil action seeking the return of his property from two Federal Bureau of Investigation (FBI) agents. We remand to the district court with directions to vacate its order and dismiss the case without prejudice.

Thompson, a federal inmate, pleaded guilty in 1989 in the District of Minnesota to bank robbery, conspiracy to commit bank robbery, possession of a firearm during a crime of violence, and interstate transportation of a firearm; we affirmed his conviction on direct appeal, and also affirmed the denial of his subsequent 28 U.S.C. § 2255 motion. *United States v. Thompson,* 906 F.2d 1292, 1295 & n. 6 (8th Cir.), *cert. denied,* 498 U.S. 989, 111 S.Ct. 530, 112 L.Ed.2d 540 (1990); *Thompson v. United States,* 7 F.3d 1377 (8th Cir.1993) (per curiam), *cert. denied,* — U.S. ——, 114 S.Ct. 1383, 128 L.Ed.2d 58 *and* —— U.S. ——, 114 S.Ct. 1556, 128 L.Ed.2d 204 (1994).

In September 1992, Thompson brought this action in the Western District of Missouri against the FBI agents alleging that, in 1988, they seized some of Thompson's property in Kansas City during the investigation of his criminal case. Defendants asserted that the property was inventoried in Kansas City and some of it was then sent to the FBI office in Minneapolis. Although Thompson alleged that the seizure violated his constitutional rights, he sought as relief only the return of his property—in particular, some of his legal papers. Defendants represented that, after this suit was filed, they searched for the property but could not find it. The district court concluded that Thompson's constitutional claims failed on their merits, granted defendants' motion to substitute the United States as defendant in any common-law tort claim for monetary damages under the Federal Tort Claims Act, 28 U.S.C. §§ 2671–2680, and concluded that it lacked subject-matter jurisdiction because Thompson had not filed a timely administrative claim with the FBI. The court thus granted defendants' motion to dismiss the case with

prejudice under Federal Rule of Civil Procedure 12(b)(1).

"If material facts are adjudicated by the district court in the process of determining its jurisdiction, we review the court's findings of fact for clear error.... Where the material facts are not in dispute, ... we review the district court's determination that it lacks jurisdiction de novo." *Drevlow v. Lutheran Church, Mo. Synod,* 991 F.2d 468, 470 (8th Cir.1993) (footnote and citation omitted).

■ Post-conviction filings for the return of property seized in connection with a criminal case are treated as civil equitable actions, and the district court where the claimant was tried has subject-matter jurisdiction ancillary to its criminal jurisdiction to hear the equitable action. *See Rufu v. United States,* 20 F.3d 63, 65 (2d Cir.1994) (per curiam) (district court where defendant tried has ancillary jurisdiction to decide post-trial motion for return of property; motion treated as civil complaint for equitable relief and court must make findings to identify items government still possesses, and then fashion relief); *Mora v. United States,* 955 F.2d 156, 158–59 (2d Cir.1992) (same). Thompson sought only the return of property seized in connection with his criminal case; therefore, we think that his suit amounted to such a civil equitable action.

■ Because Thompson was tried in the District of Minnesota, the district court there would have ancillary jurisdiction over Thompson's civil equitable action, and Thompson should have filed it there. *See, e.g., United States v. Giovanelli,* 998 F.2d 116, 118–19 (2d Cir.1993) (despite property being seized in another district, district court where defendant tried had ancillary equitable jurisdiction to hear post-conviction motion for return of property); *United States v. Wingfield,* 822 F.2d 1466, 1470 (10th Cir.1987) (federal court acquires jurisdiction over case in its entirety; district court has jurisdiction to enter orders ancillary to criminal proceedings concerning disposition of seized materials), *cert. dismissed sub nom., Boulder County v. United States,* 486 U.S. 1019, 108

S.Ct. 1762, 100 L.Ed.2d 222 (1988). We further note that the case is not mooted by the government's assertion that it cannot find Thompson's property. *See Soviero v. United States,* 967 F.2d 791, 792–93 (2d Cir.1992) (case not moot where property destroyed because equitable jurisdiction of court gives it power to fashion appropriate relief); *Mora,* 955 F.2d at 159 (same).

We therefore vacate the district court's order and direct the district court to dismiss the case without prejudice so that Thompson may refile, if he wishes, in the proper district court.