107 F.3d 876
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
Norman Ray WOODALL, Appellant.
 No. 96-1860.
 United States Court of Appeals, Eighth Circuit.
 Submitted Feb. 6, 1997.
Filed Feb. 11, 1997.
 
 Before BOWMAN, WOLLMAN, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Norman Ray Woodall appeals the district court's[1] denial of his motion for return of items seized from him by state authorities when they arrested him, some of which were later used in his federal prosecution. We affirm.
 
 
 2
 A postconviction filing for return of property seized in connection with a criminal case is treated as a civil equitable action, which the district court where the claimant was tried has ancillary jurisdiction to hear. See Thompson v. Covington, 47 F.3d 974, 975 (8th Cir.1995) (per curiam). The district court properly denied Woodall's motion as to items he claims were taken in an "ATF booking." The government states that it has no record of such a booking, and that it does not possess items from any such booking. Although a mere assertion by the government that it does not have Woodall's property would not render the issue moot, see id., Woodall failed to specify the date of this alleged booking or the items taken at that time.
 
 
 3
 The district court also properly denied the motion as to items that were used as evidence in Woodall's federal trial and then returned to the state authorities. The items were outside the possession of the federal government, cf. United States v. Wingfield, 822 F.2d 1466, 1470 (10th Cir.1987) (federal jurisdiction over seized property in federal control), and were seized by state authorities pursuant to a state court warrant, without any federal participation in the seizure, cf. United States v. Huffhines, 986 F.2d 306, 308 (9th Cir.1993) (Rule 41 jurisdiction in federal court reaches only as far as state searches with direct federal authorization). Finally, the government is not accountable for state-seized items that it never possessed or used as evidence. See id. at 307-08.
 
 
 
 [1]
 The Honorable George F. Gunn, Jr., United States District Judge for the Eastern District of Missouri