United States Court of Appeals

FOR THE EIGHTH CIRCUIT

_____

No. 96-3926

_____

| | | |
|---|---|---|
| Douglas W. Thompson, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of Minnesota. |
| | * | |
| Federal Bureau of Investigation, | * | [UNPUBLISHED] |
| | * | |
| Appellee. | * | |

_____

Submitted:  March 24, 1997
Filed:  July 23, 1997

_____

Before WOLLMAN, BRIGHT and BEAM, Circuit Judges.

_____

PER CURIAM.

In a prior action brought by Douglas W. Thompson for return of his property allegedly seized by the Federal Bureau of Investigation (FBI) in 1988, the district court decided:

> Because arrangements have been made for return of all items in the custody of the United States Attorney for the District of Minnesota, [Thompson's] motion [for return of property] should be dismissed.  It may be reinstated if the FBI fails to send the items which are in its possession to [Thompson] within six weeks.

Appellee's App. at 241 (Dist. Ct. Order dated Aug. 2, 1994). Three weeks later, the FBI returned several items of Thompson's property. See Appellee's App. at 422-23 (containing list of returned items signed by Thompson's agent). Contending that the FBI failed to return all of his personal property, Thompson returned to the District Court for the District of Minnesota on June 21, 1995, and renewed his Federal Rule of Criminal Procedure 41(e) motion as well as other claims.

Thompson claims that the FBI seized, and continues to possess personal documents pertaining to his state court trials. In addition, he seeks relief under the Freedom of Information Act and from constitutional violations relating to his arrest and subsequent search and seizure of his property. The FBI, on the other hand, contends that Thompson's records were either produced, did not exist or the FBI never possessed them. The magistrate judge recommended dismissing Thompson's constitutional claims and Freedom of Information Act claim on grounds of res judicata. Appellee's App. at 393-94, 396 (Report and Recommendation dated Aug. 8, 1996). In addition, the magistrate judge recommended dismissing Thompson's motion for return of his property because the district court's prior order stated that Thompson "could renew his motion within six weeks." Id. at 395. Thus, the magistrate judge concluded that the previous order precluded Thompson from relitigating his Rule 41(e) motion. Id. at 394-95. The district court adopted the magistrate judge's report and recommendation and ordered Thompson's claim dismissed with prejudice. Id. at 436 (Dist. Ct. Order dated Oct. 4, 1996).

The magistrate judge and district judge misconstrued the prior district court's order. The August 2, 1994 district court order allows the FBI six weeks to return Thompson's property and avoid litigation. The district court clearly stated that Thompson could renew his motion if the FBI failed to return his property in the time allotted. Thus, the six-week period limited the FBI's return of Thompson's property, not Thompson's ability to renew his motion.

Because the district court misinterpreted the prior court order, we reinstate Thompson's Rule 41(e) motion and remand the case for a determination of whether the FBI ever seized Thompson's alleged documents and currently possesses them. If so, Thompson may be entitled to return of these documents. If the FBI lost or destroyed certain of Thompson's documents, then the district court must decide whether Thompson is entitled to equitable relief. See Covington v. Thompson, 47 F.3d 974, 975 (8th Cir. 1995) (per curiam). We affirm, however, the district court's dismissal of Thompson's constitutional and Freedom of Information Act claims. Accordingly, we affirm in part, reverse in part and remand for further proceedings consistent with this opinion.

A true copy.


Attest:


CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.