124 F.3d 217
 97 CJ C.A.R. 2090
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Charles Michael KISSICK, Plaintiff-Appellant,
v.
Tommy JAMES, R.G. Thompson, Defendants-Appellees.
 No. 97-6165.
 United States Court of Appeals, Tenth Circuit.
 Sept. 19, 1997.
 
 Before SEYMOUR, Chief Judge, PORFILIO, and MURPHY, Circuit Judges.
 
 
 1
 ORDER AND JUDGMENTN*
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 3
 Charles M. Kissick, a federal prisoner appearing pro se, appeals the district court's grant of summary judgment to defendants L.T. James and R.G. Thompson. Kissick brought this suit pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), alleging that his ring and watches were wrongfully confiscated following a search of a leisure center at the Federal Correctional Institution in El Reno, Oklahoma. The district court granted summary judgment as to Kissick's claims against the defendants in their official capacity because federal officials are immune from liability in their official capacity under the Eleventh Amendment. FDIC v. Meyer, 510 U.S. 471, 485 (1994). As to the claims against the defendants in their individual capacity, the district court granted summary judgment to the defendants on qualified immunity grounds, reasoning that Kissick had not identified a clearly identified right or law which the defendants violated.[1] This court exercises jurisdiction pursuant to 28 U.S.C. § 1291 and affirms.
 
 
 4
 This court has conducted a de novo review of Kissick's briefs and contentions, as well as the entire record on appeal. Upon review, we AFFIRM for substantially the reasons set forth in the district court's well-reasoned Order dated May 6, 1997. We also note that Kissick's appeal is frivolous or fails to state a claim under 28 U.S.C. § 1915(e)(2)(B) for purposes of counting "prior occasions" under 28 U.S.C. § 1915(g).
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 [1]
 In reaching this conclusion, the district court reasoned as follows:
 [Kissick's] constitutional rights claim is based on a deprivation of property in violation of the due process clause. As the magistrate judge noted, the record reflects that [Kissick's] complaint about the confiscation procedure utilized is essentially a negligence claim, which is insufficient to trigger the protections of the due process clause. Daniels v. Williams, 474 U.S. 327, 330 (1986). Even if [Kissick's] claim is construed as alleging the defendants intentionally kept his property, that contention is also insufficient because a deprivation of a constitutionally protected property interest caused by an employee's random unauthorized conduct does not give rise to a due process claim where there is an adequate post-deprivation remedy. Hudson v. Palmer, 468 U.S. 517, 533 (1984). In this case, [Kissick] has an adequate post-deprivation remedy under the FTCA if it is his contention that defendants acted outside their authority in confiscating his property.
 Dist. Ct. Order at 3.