**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 18 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

DOUGLAS WAYNE THOMPSON,

    Petitioner - Appellant,

vs.

PAGE TRUE, Warden, U.S.P.
Leavenworth,

    Respondent - Appellee.

No. 97-3275
(D.C. No. 96-3292-RDR)
(D. Kan.)

---

ORDER AND JUDGMENT[*]

---

Before PORFILIO, KELLY, and HENRY, Circuit Judges.[**]

---

Petitioner-Appellant Douglas Thompson appeals from the dismissal of his

petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. In his

petition, Mr. Douglas sought relief from the allegedly unconstitutional

seizure by FBI agents of two case files for his Missouri state criminal

convictions, one in Scott County and one in Butler County. Mr. Thompson,

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

however, has been prosecuting a Rule 41(e) motion for return of the same property in the Eighth Circuit, see Thompson v. FBI, No. 96-3926, 1997 WL 413605, at *1 (8th Cir. July 23, 1997), cert. denied, 118 S. Ct. 634 (1997), and we previously affirmed the dismissal of his Bivens suit respecting this property on the ground that he already had this Rule 41(e) motion pending in the District of Minnesota, see Thompson v. Webber, 124 F.3d 217 (unpublished table decision), No. 96-3012, 1997 WL 529996, at *1 (10th Cir. Aug. 28, 1997); Thompson v. Covington, 47 F.3d 974, 975 (8th Cir. 1995). Thus, the district court dismissed the instant § 2241 petition on the ground that an action for the same relief was pending in the District of Minnesota.

On appeal, Mr. Thompson argues the district court ignored a supposed mandate of 28 U.S.C. § 2243 that orders to show cause issue in all habeas actions. He cites only the portion of § 2243 that provides to whom a writ or order is directed, and the timing of an answer or return, if either is to issue at all. He ignores the portion of the statute that provides that a court must award the writ or issue an order to show cause, "unless it appears from the application that the applicant or person detained is not entitled thereto." Id. The district court, for the reasons discussed below, correctly determined from the application that Mr. Thompson was not entitled to the writ, and it was therefore not required to issue an order to show cause. See Watson v. McCotter, 782 F.2d 143, 145 (10th

Cir.), cert. denied , 476 U.S. 1184 (1986); cf. Rule 4, Rules Governing Section 2254 Cases in the United States District Courts [Section 2254 Rules].

Mr. Thompson claimed in his petition that the seizure of his two state case files constituted a deprivation of property in violation of due process of law. He also claimed that the seizure impeded and denied him meaningful access to the courts and his right to petition for redress of grievances. A writ of habeas corpus would be inappropriate relief for these alleged violations. Mr. Thompson fails to argue how the seizure, years after the two state convictions underlying the presently challenged detainer, bears on their correctness.

Mr. Thompson made additional claims in a motion to amend which the district court failed to act upon before dismissing the petition. We conclude, however, that to have granted the motion would have been futile. See Schepp v. Fremont County , 900 F.2d 1448, 1451 (10th Cir. 1990) (citing Foman v. Davis , 371 U.S. 178, 182 (1962)). First, Mr. Thompson claimed that the United States Prison at Leavenworth fails to provide Missouri state legal materials in violation of his right to meaningful access to the courts. This inadequate library claim, although predicated upon a desire to challenge a detainer, is not appropriately brought in a § 2241 petition. Claims relating to conditions of confinement are appropriately brought under Bivens or the civil rights statutes. See McIntosh v. United States Parole Comm'n , 115 F.3d 809, 811-12 (10th Cir. 1997); United

- 3 -

States v. Furman, 112 F.3d 435, 438-39 (10th Cir. 1997); United States v. Sisneros, 599 F.2d 946, 947 (10th Cir. 1979).

Second, Mr. Thompson claimed the Eighth Circuit's application of the rule limiting his § 2254 petition to attack only one conviction denied him meaningful access to the courts. See Thompson v. Missouri Bd. of Probation & Parole, 39 F.3d 186, 189 (8th Cir. 1994), cert. denied, 514 U.S. 1113 (1995). However, the plain language of the rule dictates that an inmate may attack only one conviction per § 2254 petition. See Rule 2(d), Section 2254 Rules. Nothing about the Eighth Circuit's disposition prevents Mr. Thompson from attacking the other conviction in a new and separate petition.

Third, Mr. Thompson attacked the Scott County conviction on the same grounds resolved against him on the merits in the Eighth Circuit. In this respect, his petition is successive and his failure to sufficiently allege factual innocence requires summary dismissal. See 28 U.S.C. § 2244(b); Kuhlman v. Wilson, 477 U.S. 436, 454 (1986) (plurality opinion); Parks v. Reynolds, 958 F.2d 989, 994-96 (10th Cir.), cert. denied, 503 U.S. 928 (1992); cf. Rule 9(b), Section 2254 Rules.

Fourth, Mr. Thompson argued in his motion that the Eighth Circuit ignored and illegally expanded controlling Missouri state law to deny him relief. To the extent he is asking us to review the Eighth Circuit's affirmance of the denial of

his § 2254 petition without overcoming the hurdles of the successiveness rule, we simply cannot. His only recourse in that regard is to seek reconsideration by the Eighth Circuit or to petition the United States Supreme Court. Finally, the motion to amend obliquely mentions another conviction, presumably the one in Butler County, but falls so far short of making allegations sufficient to state a claim as to be frivolous. See 28 U.S.C. § 1915A(b)(1).

Affirmed.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge