# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2925

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota |
| Darryl Burton, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted:   December 7, 1998
Filed:   January 21, 1999

_____

Before McMILLIAN, RICHARD S. ARNOLD, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

McMILLIAN, Circuit Judge.

Darryl Burton appeals from the final judgment entered in the District Court for the District of Minnesota denying his Fed. R. Crim. P. 41(e) motion for the return of property. For the reasons discussed below, we reverse and remand.

Burton was arrested in connection with a drug transaction, pleaded guilty, and was sentenced. Burton subsequently moved for the return of $22,072 that Minneapolis Police Department (MPD) officers had taken in the search of an apartment pursuant to a state warrant. The federal government responded that it never had custody of the

money, and submitted a news release which stated that an MPD officer had pleaded guilty to embezzling over $300,000 of drug-seizure money that he had signed out of the MPD property room during a four-year period. Burton argued that the government's response implicitly conceded that this MPD officer had taken Burton's money and that it was part of the $300,000 at issue in this officer's federal prosecution. The district court denied Burton's Rule 41(e) motion, concluding that the federal government could not be held responsible for returning Burton's property if it lacked custody of the property. Burton then requested that his underlying criminal case be dismissed if the evidence upon which his guilty plea was based was not in the federal prosecutor's possession.

We conclude that Burton could not collaterally attack the validity of his guilty plea in his Rule 41(e) motion. See Fed. R. Crim. P. 32(e) (after sentencing, pleas may be set aside only on direct appeal or by motion under 28 U.S.C. § 2255).

We also conclude, however, that the district court improperly denied Burton's Rule 41(e) motion without receiving evidence to determine who had custody or possession of the subject property. See Fed. R. Crim. P. 41(e) (court shall receive evidence on any issue of fact necessary to decision of motion); Rufu v. United States, 20 F.3d 63, 65-66 (2d Cir. 1994) (remanding case where district court did not receive evidence showing what property was seized and how property was disposed of).

Accordingly, we reverse and remand for further proceedings in the district court consistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-