# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1892

_____

Jesse Ball,                                          *
                                                     *
            Appellant,                               *
                                                     *   Appeal from the United States
      v.                                             *   District Court for the
                                                     *   Eastern District of Missouri.
United States of America,                            *
                                                     *        [PUBLISHED]
            Appellee.                                *

_____

Submitted:   September 6, 1999
     Filed:  October 7, 1999

_____

Before McMILLIAN, RICHARD S. ARNOLD, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Jesse Ball filed a postconviction motion for the return of $776 in United States currency in the district court where he had been criminally tried and convicted of drug trafficking offenses. The government argued that the motion should be denied as moot because the currency had been seized by the St. Louis Metropolitan Police Department and was never in the United States government's custody. The court wrote "Request denied for lack of jurisdiction" on the motion.

Later, Ball again moved for the return of the seized property, arguing that the district court had jurisdiction. After the government reminded the court that it had

denied the previous motion for lack of jurisdiction, the court entered an order denying Ball's motion for lack of jurisdiction and ordering the clerk of court not to accept further motions for return of property.

On appeal, Ball argues that the district court erroneously concluded that it lacked jurisdiction. Ball concedes in his brief that the currency was seized pursuant to a state court issued search warrant and that it was never introduced or used against him as evidence during his federal trial. (Appellant's Br. at unnumbered page 4.) See United States v. Huffhines, 986 F.2d 306 (9th Cir. 1993) (Rule 41 jurisdiction in federal court reaches only so far as state searches with direct federal authorization. The federal government is not accountable for state seized items that it never possessed or used as evidence.) (Relied on in United States v. Woodall, 107 F.3d 876, 1997 WL 53052 (8th Cir. 1997) (unpublished)). Ball contends the government had constructive possession of the currency. The government responds that regardless of whether the court's first ruling was correct, Ball did not appeal it, and therefore may not challenge it in this appeal from the denial of his second motion.

We disagree. As a postconviction motion for return of seized property is treated as a civil equitable action, see Thompson v. Covington, 47 F.3d 974, 975 (8th Cir. 1995) (per curiam), it is subject to the Federal Rules of Civil Procedure. The district court's first ruling, which was handwritten on Ball's motion, was not an effective final judgment because it did not satisfy the separate-document requirement. See Fed. R. Civ. P. 58. We enforce the requirement because Ball would otherwise lose his right to appeal. See Sanders v. Clemco Indus., 862 F.2d 161, 166-67 (8th Cir. 1988).

We construe the district court's separate written order denying Ball's second motion for lack of jurisdiction as a final judgment, giving this court jurisdiction over the appeal, and presenting the question whether the district court correctly concluded that it lacked jurisdiction. See McAdams v. Reno, 64 F.3d 1137, 1141 (8th Cir. 1995) (dismissal for lack of jurisdiction is reviewed de novo).

We conclude that the district court had jurisdiction over Ball's motion for return of the money because it was the court in which he had been criminally tried. See Thompson, 47 F.3d at 975. We also conclude that the mootness argument advanced by the government in its response to Ball's first motion was incorrect, as the government appears to acknowledge on appeal. See id. (motion for return of seized property not mooted by government's assertion that it cannot locate property); United States v. Burton, 167 F.3d 410, 410-11 (8th Cir. 1999) (district court denied motion for return of seized property because government asserted that it never had custody of property; reversed and remanded because district court did not receive evidence to determine who had custody or possession of property).

Accordingly, we reverse the judgment of the district court and remand for further proceedings consistent with this opinion to determine whether or not the government ever possessed the currency.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.