# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3245

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota |
| Darryl Burton, | * | |
| | * | [UNPUBLISHED] |
| Appellant, | * | |

_____

Submitted: October 20, 2000

Filed: November 8, 2000

_____

Before McMILLIAN, RICHARD S. ARNOLD, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

For the second time, Darryl Burton appeals from the final judgment entered in the District Court[1] for the District of Minnesota, denying his Fed. R. Crim. P. 41(e) motion for the return of property. For the reasons discussed below, we affirm the judgment of the district court.

_____

[1]The Honorable Paul A. Magnuson, Chief Judge, United States District Court for the District of Minnesota.

Burton was arrested in connection with a drug transaction, pleaded guilty, and was sentenced. He subsequently moved for the return of $22,072 that had been seized by Minneapolis Police Department (MPD) officers in a search pursuant to a state warrant, and had reportedly been turned over to the federal government. The government asserted that it never had custody of the seized money, and that MPD Officer Stanley Capistrant had pleaded guilty to embezzling over $300,000 of drug-seizure money he had signed out of the MPD property room during a four-year period. Without receiving any evidence, the district court denied Burton's Rule 41(e) motion. We remanded for an evidentiary hearing, concluding that the district court should have received evidence to determine who had custody or possession of the seized property. See United States v. Burton, 167 F.3d 410, 410-11 (8th Cir. 1999).

The evidence at the hearing showed the government did not have custody or possession of the funds seized from Burton because Capistrant had embezzled them and other seized funds from the City of Minneapolis (City), falsely claiming they had been forfeited to the Drug Enforcement Administration. Now that Capistrant has been prosecuted for embezzlement and has paid part of the restitution he was ordered to make, Burton argues he is entitled to the restitution funds. We conclude, however, that Burton may not move under Rule 41(e) to obtain them. Capistrant's prosecution was separate and distinct from Burton's, and the mere coincidence of Capistrant's having embezzled funds that were in the City's custody, without more, gives Burton no entitlement to the restitution ordered paid to the City.

Moreover, we find no error in the district court's refraining from fashioning an equitable remedy. Burton has an adequate remedy at law. See Minn. Stat. Ann. §§ 626.04, 626.21 (West 2000) (involving return of seized property and motions for return of unlawfully seized property).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.