# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3862

_____

Freddie Ross,                                          *
                                                       *
        Appellant,                           *
                                                       *
    v.                                          *    Appeal from the United States
                                                       *    District Court for the
United States of America,                              *    District of Minnesota.
                                                       *     [UNPUBLISHED]
        Appellee.                            *

_____

Submitted: May 1, 2002

Filed: May 6, 2002

_____

Before WOLLMAN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Freddie Ross appeals the district court's denial of his motion under Federal Rule of Criminal Procedure 41(e) for return of seized property. The court denied his motion without a hearing and without a response from the government. For the reasons stated below, we reverse.

First, the district court incorrectly concluded that Ross could not bring the motion after having been convicted. See Thompson v. Covington, 47 F.3d 974, 975 (8th Cir. 1995) (per curiam) ("Post-conviction filings for the return of property seized in connection with a criminal case are treated as civil equitable actions, and the

district court where the claimant was tried has subject-matter jurisdiction ancillary to its criminal jurisdiction to hear the equitable action.").

Second, the arguments advanced by the government on appeal--that Ross lacks standing as to one seizure, and that state authorities were responsible for the other seizure--are disputed by Ross and cannot be resolved on the basis of the existing record. The district court must conduct an evidentiary hearing to resolve the issues of material fact that are contested by the parties. See Fed. R. Crim. P. 41(e) ("The court shall receive evidence on any issue of fact necessary to the decision of the motion."); see, e.g., Ball v. United States, 193 F.3d 998, 999-1000 (8th Cir. 1999) (per curiam) (district court erred by failing to take evidence before concluding that state rather than federal authorities were responsible for seizure).

Accordingly, the judgment of the district court is reversed, and the case is remanded for further proceedings consistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.