UNITED STATES of America,
Plaintiff,

v.

Russell John SCHOENAUER,
et al., Defendants.

No. CRIM.01–65.
No. CIV.4:02–CV–90295.

United States District Court,
S.D. Iowa,
Central Division.

Dec. 23, 2002.

Thomas H. Burke, Stephen D. Marso, Whitfield & Eddy PLC, Des Moines, IA, for Plaintiff.

Inga Bumbary–Langston, United States Attorney, Dean A. Stowers, Rosenberg & Stowers, Russell John Schoenauer, Jr., Douglas A. Fulton, Bradshaw Fowler Proctor & Fairgrave, Craig Peyton Gaumer, United States Attorney, Des Moines, IA, for Defendants.

## ORDER

PRATT, District Judge.

Currently pending before the Court are four motions. Two of the motions were filed in Criminal Number 01–65, *United States of America v. Russell John Schoenauer.* Those motions are Diane Schoenauer's Petition on Validity of Interest and Forfeited Property (# 570) and United States of America's Motion for Protective Order (# 670). The remaining motions were filed in Civil Number 4:02–cv–90295, *U.S. Bank, N.A v. Russell J. Schoenauer and Diane M. Schoenauer, et al.,* and are captioned Motion to Consolidate Cases and for Protective Order or Marshaling Order (# 26) and Motion to Set Aside Default (# 24). A hearing was held on the motions on November 22, 2002. The matters are fully submitted.

## I. BACKGROUND

On March 4, 2002, a jury determined that certain property of Defendant Russell John Schoenauer ("Schoenauer") should be forfeited to the United States of America ("Government"), in relation to Schoenauer's criminal drug convictions. Specifically, the jury found that the following described properties should be forfeited: 1) the West one hundred feet of Lots four and five in Block fifty-two Boone, Iowa, locally known as 927 10th, Boone, Iowa ("Boone Property"); 2) Lots Seven and Eight in Block Twenty-five of the Original Town of Winterset, Madison County, Iowa ("Winterset Property"); 3) South 36 Feet of Lot 8 and the North 10 Feet of Lot 9 in Block 3 in the Original Town of Nevada, Iowa, except for the East 20 Feet thereof ("Nevada Property"); 4) Lot Six in Ravenwood, Plat No. 2 forming an auditor's plat, now included in and forming a part of the City of Clive, Polk County, Iowa ("Clive Property"); and 5) Silver four-door, 1996 Lincoln Continental automobile, VIN 1LNLM97V5TY626359 ("Car"). On August 26, 2002, the Court set aside the jury's verdict with regard to the "Winterset Property."

On May 6, 2002, U.S. Bank, N.A. ("U.S.Bank") filed a petition for hearing on the validity of interest in forfeited property. *See* Clerk's No. 543. On June 12, 2002, U.S. Bank filed a Mortgage Foreclosure Petition Without Redemption in Iowa District Court for Polk County against Schoenauer, Diane Schoenauer, Frank Schoenauer, Knucklehead Power USA, Inc., N.C. Ltd., Boone Auto Sales, Inc., Boon Auto Finance, Inc., J & R Roofing, Inc., Robert Jindrich, and the United States of America. The Government removed the Petition to federal court pursuant to 28 U.S.C. § 1442(a)(1). In its foreclosure petition, U.S. Bank alleges that Russell Schoenauer took certain loans secured by properties, some of which are now subject to the Court's order of forfeiture. According to U.S. Bank, as of May 28, 2002, total amounts due and owing total in excess of three million dollars, plus interest, costs, and attorney fees. While numerous of Schoenauer's properties are subject to forfeiture in various state court

actions, only two of these properties are here at issue, *i.e.*, only those properties designated as the Nevada and Clive properties are subject to the Government's forfeiture interest. Diane Schoenauer has filed a petition to determine the validity of her interest in property only with respect to the Nevada property.

## II. ANALYSIS

### A. *Motions to Consolidate and for Protective Order*

The Court will first address the two motions filed by the Government. They are the Motion for Protective Order (Clerk's No. 670 in Criminal No. 01–65) and Motion to Consolidate Cases and for Protective Order or Marshaling Order (Clerk's No. 261 in Civil No. 4:02–cv–90295). Both motions recite fundamentally the same arguments and the same rationale in support of those arguments. Accordingly, the Court will treat the motions as one and address them together.

In short summary, the United States of America argues that the Court should consolidate the pending civil and criminal matters for the most expeditious handling of closely related matters. Further, the United States asks that the Court enter a protective or marshaling order which would require U.S. Bank to foreclose upon other collateral pledged to the bank prior to foreclosing upon either the Clive or Nevada properties. The United States argues that foreclosure of the property subject to forfeiture will impair the forfeitability of the property and may allow Schoenauer to retain certain properties, an outcome the Government alleges would frustrate the punishment purpose of the forfeiture process.

U.S. Bank, on the other hand, resists the Government's efforts to consolidate and argues that its actions in pursuing foreclosure of properties, even though the properties are subject to forfeiture, are appropriate. Further, U.S. Bank argues that the Government has no vested interest in forfeitable property and it would therefore be an abuse of the Court's discretion to invoke its equitable powers to require U.S. Bank to marshal its assets. Specifically, U.S. Bank asserts that the Government has no right to tell U.S. Bank in what order to foreclose properties, particularly when the majority of properties being foreclosed upon are not the subject of this Court's jurisdiction.

 Before resolving the issue of whether consolidation and a marshaling order are appropriate, the Court first must determine what, if any, interest U.S. Bank possesses over the property in question. Similarly, the Court must determine the legal effect that the entry of forfeiture has upon the respective positions of the Government and U.S. Bank. U.S. Bank appropriately filed a petition for hearing on the validity of its interests in the forfeited property pursuant to 21 U.S.C. section 853(n)(2). The Third Circuit Court of Appeals has artfully summarized the relative positions of the parties: "[I]f a third party's interest in the forfeited property, at the time of the criminal acts, was superior to the criminal defendant's interest, then the interest that the government acquires when it steps into the defendant's shoes is subordinate to that of the third party." *United States v. Lavin,* 942 F.2d 177, 185 (3d Cir.1991). The record appears undisputed that U.S. Bank possessed valid security interests on both the Nevada and the Clive properties at the time of Russell Schoenauer's criminal activities. Additionally, U.S. Bank possessed numerous other mortgages or notes on properties belonging to Schoenauer which were not subject to forfeiture in the criminal proceedings. Each of the mortgages or notes provides for cross-collateralization, *i.e.,* all of the various notes are secured, not only by one

specific piece of property, but by all other pieces of property offered as collateral on any other note executed between Schoenauer and U.S. Bank. While the issue has not been readily disputed, the Court now holds that U.S. Bank possesses an interest in the properties here at issue superior to the forfeiture interest possessed by the Government.

■ Having determined that U.S. Bank does, indeed, possess an interest in the Nevada and Clive properties superior to that of the Government, the Court must now resolve how best to deal with the parties' respective interests. In the unique factual context of this case, the Court is convinced that the issue is one of first impression. Accordingly, the Court has carefully analyzed and researched the arguments of the parties and considered the impact and potential consequences that a ruling either way might have on any or all of the parties. Counsel for all represented parties at the in-court hearing made excellent arguments in favor of their respective positions. Nonetheless, the Court believes that jurisdiction to require U.S. Bank to marshal its assets can stem only from an exercise of the Court's equitable powers. This is so because the properties which the Government wants U.S. Bank to marshal are not presently within the jurisdiction of this court. Indeed, the Government is requesting that the Court reach beyond the federal jurisdiction entrusted to this Court by the Congress and exercise control over matters and properties which have been committed to the control of state authorities. It is true that equitable powers have been recognized in certain proceedings that may arise as ancillary to a criminal proceeding over which the Court has statutory jurisdiction. *See e.g., Thompson v. Covington,* 47 F.3d 974, 975 (8th Cir.1995) ("Post-conviction filings for the return of property seized in connection with a criminal case are treated as civil equitable actions, and the district

court where the claimant was tried has subject-matter jurisdiction ancillary to its criminal jurisdiction to hear the equitable action."). Generally, however, a request for equitable relief is a decision committed to the sound discretion of the trial court. *See e.g., Rupp v. Omaha Indian Tribe,* 45 F.3d 1241, 1245 (8th Cir.1995).

In this case, even assuming that the Court possesses the authority to require U.S. Bank to marshal its assets, the Court declines to exercise such authority for several reasons. First and foremost is the proposition that, "The government, through forfeiture, simply steps into the defendant's shoes. Thus, the government can acquire through forfeiture no greater interest than the defendant held at the time the defendant committed the criminal acts." *Kuhn v. Vista Disposal, Inc.,* 826 F.Supp. 218, 224 (E.D.Mich.1993) (citing *United States v. Lavin,* 942 F.2d 177 (3d Cir.1991)). In this case, if no criminal forfeiture had occurred and Schoenauer became subject to foreclosure on any or all of his notes with U.S. Bank, it appears clear that U.S. Bank would not be limited to exercising its foreclosure rights in some particular order. On these facts, the Court is loathe to exercise authority over properties or contracts which are not, and never have been, before it.

Second, the Court does not believe it appropriate to grant the remedy sought by the Government when the request is based on supposition and speculation. The Government asserts that, without a protective or marshaling order, U.S. Bank is going to liquidate the Nevada and Clive properties and leave equity in other properties that are now pending in state court. The Government also contends that, to the extent it could forfeit substitute assets, pursuant to 21 U.S.C. § 853(p), Schoenauer and his wife are likely to circumvent such efforts by transferring property out of Schoe-

nauer's name. The Court finds no basis to believe that such scenarios are likely to occur. Indeed, U.S. Bank has indicated that it intends to proceed with all of the foreclosures with the utmost good faith and with respect for the interests of other parties. Similarly, the mere fact that Schoenauer executed a quit claim deed on a property not subject to forfeiture is not necessarily indicative of an attempt to secret potential substitute assets away from the Government.

Next, the Court found compelling the arguments of counsel relating to the impact of a protective or marshaling order on innocent third parties. It is clear that with respect to some of the properties, Mrs. Schoenauer, among others, possesses an interest at least as valuable as that of the Government. With each day that goes by, Schoenauer's debt to U.S. Bank is presumably subject to interest and penalties. To the extent that innocent third parties have been placed in a similar position by Schoenauer's criminal activities, it is unreasonable to allow expenses to continue to accrue and real property to continue to be encumbered. Additionally, innocent third parties should not be hampered in freely using or transferring their own assets which were never part of Schoenauer's forfeiture proceedings. Putting the current federal proceedings on hold and exercising supervisory authority over proceedings subject to state authority is only likely to enhance the negative impact and detrimental effects on innocent third parties.

Finally, the Court is troubled by the Government's repeated attempts to preserve that to which it claims it is "entitled." The purpose of the criminal forfeiture provisions of section 853 are to provide punishment for those individuals who violate the controlled substances laws. The purpose is *not* to provide a windfall for the Government. Having es-

tablished that U.S. Bank has an interest superior to that of the Government, it is unclear at this point what, if any, value will be left in any of the collateral that Schoenauer used to secure his indebtedness to U.S. Bank-including the forfeited properties. Nonetheless, if Schoenauer would have no remaining equity in any of the properties after foreclosures, neither does the Government possess any equity. The forfeiture statutes provide the Court with authority to enter a protective order with regards to property subject to criminal forfeiture. The Court does not believe such provisions allow it to extend that authority to properties which are not subject to forfeiture or to properties not designated as substitute properties pursuant to section 853(p).

For these reasons, the Court declines to enter a protective or marshaling order as requested by the Government. Additionally, the Court finds no reason to consolidate the criminal and civil proceedings in light of its ruling on the protective order. The Court also notes that, should its assistance be needed in supervising the orderly liquidation of properties which *are* under the jurisdiction of this Court, the parties may freely apply for such assistance at the appropriate time. Until then, the Court will rely on U.S. Bank's assertions that it will proceed with its foreclosure actions, both in state and federal court, with good faith and a constant eye toward the interests of others that are at stake.

### B. *Motion to Set Aside Default*

Defendant Schoenauer, through counsel, indicated at hearing that, should the Court decline the Government's request for protective order, he wished to withdraw his motion to set aside the default judgment entered in the civil case. In light of the Court's ruling, *supra*, Schoenauer's Motion to Set Aside Default is denied as withdrawn or otherwise moot.

### C. *Diane Schoenauer's Petition for Hearing on Validity of Interest*

Mrs. Schoenauer, through counsel, indicated at hearing that the purpose of this motion was primarily to preserve Mrs. Schoenauer's interest. Counsel admits that the motion is premature and that the Court cannot properly adjudicate Mrs. Schoenauer's interest in any forfeited property until such time as the foreclosure proceedings are complete. Accordingly, the motion is DENIED as premature. Nonetheless, the Court will deem Mrs. Schoenauer's stated interest preserved and she is free to file a new motion when the time is appropriate.

### III. CONCLUSION

Based on the reasoning herein, the Court resolves the motions as follows:

1) Criminal No. 01–65, Clerk's No. 570, Petition for Hearing on Validity of Interest and Forfeited Property is DENIED as premature.

2) Civil No. 4:02–cv–90295, Clerk's No. 24, Motion to Set Aside Default Judgment, is DENIED as withdrawn or moot.

3) Criminal No. 01–65, Clerk's No. 670, Motion for Protective Order, is DENIED.

4) Civil No. 4:02–cv–90295, Clerk's No. 26, Motion to Consolidate Cases and for Protective Order or Marshaling Order, is DENIED.

IT IS SO ORDERED.