# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1393

_____

United States of America,            *
                                     *
        Appellee,                    *
                                     *   Appeal from the United States
    v.                               *   District Court for the
                                     *   Northern District of Iowa.
Tracey Allen McGhghy,                *
                                     *   **[UNPUBLISHED]**
        Appellant.                   *

_____

Submitted:   February 3, 2005
    Filed:   February 10, 2005

_____

Before WOLLMAN, BYE and RILEY, Circuit Judges.

_____

PER CURIAM.

        In February 2002 Tracey Allen McGhghy (McGhghy) filed a Federal Rule of Criminal Procedure 41(e) motion for the return of property. He alleged that his personal property (including musical and recording equipment, sports card collection, tools and chest, antiques, and books) was seized on November 22, 1996, when the government executed a search warrant on his rental storage unit and then locked the unit (containing the subject property) and draped yellow evidence tape across it; and that the government had failed to inventory and appraise the property and give him notice of the seizure. The government eventually responded that it never had possession of the listed property, that a Jones County Sheriff said some property was

left in McGhghy's storage unit after the search and seizure, and that the storage facility owner said the remaining property was taken to a landfill after some time.

The district court denied McGhghy's Rule 41(e) motion, finding that he had failed to submit any evidence that the government had seized or possessed the subject property. McGhghy moved for reconsideration and requested an evidentiary hearing, but the district court denied reconsideration. The court also denied McGhghy's motions for judgment on the pleadings, for entry of default, to strike, and for entry of default judgment. On appeal McGhghy argues, inter alia, that the court erred in denying his Rule 41(e) motion without granting him an evidentiary hearing. The government responds that it never seized or possessed the property.

We conclude that the record is unclear as to what happened to McGhghy's property after the search of the storage unit, who has custody of the property, and whether the property has been destroyed. Because there are unresolved factual issues, and because Rule 41(e) generally requires the district court to conduct an evidentiary hearing, we conclude remand for an evidentiary hearing is warranted in this case. See Ball v. United States, 193 F.3d 998, 1000 (8th Cir. 1999) (per curiam) (reversing and remanding where court improperly denied motion for return of seized property without receiving evidence to determine who had custody of property); United States v. Burton, 167 F.3d 410, 410-11 (8th Cir. 1999) (same).

We affirm the district court's denial of McGhghy's other motions. See Faibisch v. Univ. of Minn., 304 F.3d 797, 803 (8th Cir. 2002) (de novo review of judgment-on-pleadings ruling); Forsythe v. Hales, 255 F.3d 487, 490 (8th Cir. 2001) (abuse-of-discretion review of default-judgment ruling).

Accordingly, we affirm in part and remand in part for further proceedings consistent with this opinion. We also deny as moot McGhghy's motion to strike portions of the government's brief.

_____