[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
September 6, 2005
**THOMAS K. KAHN**
**CLERK**

No. 05-11809
Non-Argument Calendar

_____

D. C. Docket No. 05-20324-CV-JAL

JOE HARRY PEGG,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(September 6, 2005)**

Before CARNES, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Joe Harry Pegg, a federal prisoner proceeding pro se, appeals the district

court's grant of the government's motion to dismiss Pegg's action for the return of forfeited property, brought pursuant to Federal Rule of Criminal Procedure 41(g). We affirm the district court's decision for the reasons set forth below.

I.

Pegg was indicted in the United States District Court for the Middle District of Florida for drug-related offenses and the indictment contained a forfeiture provision pursuant to 21 U.S.C. § 853. In November 1994, Pegg pleaded guilty to one count of the indictment, and on February 16, 1996, he was sentenced to 360 months imprisonment under the terms of the plea agreement. During sentencing, the court addressed the forfeiture issue, but declined to enter an order at that time because Pegg's counsel requested additional time to file a response to the government's forfeiture motion. On March 29, 1996, the Middle District of Florida entered a preliminary order of forfeiture under 21 U.S.C. § 853 and Federal Rule of Criminal Procedure 32(b)(2).[1]

In February 2005, Pegg filed the instant Rule 41(g) motion for return of property in the United States District Court for the Southern District of Florida. The district court granted the government's motion to dismiss for lack of

_____

[1]Although it does not appear that Pegg filed a direct appeal of his conviction or the forfeiture order, Pegg did file an unsuccessful motion to vacate his sentence under 28 U.S.C. § 2255, and he continued to challenge the forfeiture in the Middle District of Florida.

2

jurisdiction. Pegg now appeals.

## II.

We review de novo a district court's denial of a Rule 41(g) motion for return of property. *United States v. Potes-Ramirez*, 260 F.3d 1310, 1314 n.8 (11th Cir. 2001). Questions of subject matter jurisdiction are also reviewed de novo. *United States v. Petrie*, 302 F.3d 1280, 1284 (11th Cir. 2002).

Federal Rule of Criminal Procedure 41(g) provides that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g). Rule 41(g) further directs that "[t]he motion must be filed in the district where the property was seized." Id. Pegg argues that because his property is physically located in the Southern District of Florida, it is proper for him to challenge the forfeiture order in that district. Pegg's argument is misplaced. In the instant action, the property was seized pursuant to an order from the Middle District of Florida. Although the property may physically lie in the Southern District of Florida, a district court has jurisdiction to enter orders concerning forfeited property regardless of that property's location. 21 U.S.C. § 853(l). The proper venue for this action, therefore, is the Middle District of Florida. A contrary holding would raise serious issues of judicial economy and comity between the federal district courts.

3

Allowing the United States District Court for the Southern District of Florida to entertain this claim would essentially put it in the position of reviewing the Middle District of Florida's original forfeiture order.

Accordingly, we AFFIRM the district court's dismissal of this action.

AFFIRMED.