# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 07-1713

———————

Ronnie Blade,                                   *
                                                *
             Appellant,                         *
                                                *   Appeal from the United States
      v.                                        *   District Court for the
                                                *   Western District of Missouri.
United States of America,                       *
                                                *        [UNPUBLISHED]
             Appellee.                          *

———————

Submitted: November 23, 2007
Filed:   November 30, 2007

———————

Before BYE, SMITH, and SHEPHERD, Circuit Judges.

———————

PER CURIAM.

Federal inmate Ronnie Blade appeals the district court's denial of his Federal Rule of Criminal Procedure 41(g) motion for the return of seized property. We remand for further proceedings.

Blade's Rule 41(g) motion alleged that, at the time of his arrest, nine specific items of personal property were unlawfully seized without notice, and they have never been returned to him. The government did not respond to Blade's motion, and the district court summarily denied the motion without conducting an evidentiary hearing.

We conclude that Blade's Rule 41(g) motion presented factual issues related to whether Blade was entitled to the return of his property. Particularly in light of the lack of response from the government, these issues could not be resolved without an evidentiary hearing, and the district court erred in summarily denying Blade's motion. See Fed. R. Crim. P. 41(g) (person aggrieved by deprivation of property may move for return of property and court "must receive evidence on any factual issue necessary to decide the motion"); United States v. Felici, 208 F.3d 667, 670-71 (8th Cir. 2000) (affirming in part because district court properly concluded without receiving evidence that convicted felon was not entitled to return of firearms and reversing in part because court failed to provide evidentiary hearing on issue of status of other property as contraband); United States v. Burton, 167 F.3d 410, 410-11 (8th Cir. 1999) (reversing where district court improperly denied Rule 41(e) (now 41(g)) motion without receiving evidence to determine who had custody of subject property); see also United States v. Hall, 269 F.3d 940, 943 (8th Cir. 2001) (if court in Rule 41(e) (now 41(g)) proceeding learns government no longer possesses subject property, court should give movant chance to assert alternative claim for damages).

Accordingly, we remand for further proceedings.

_____