# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2626

_____

United States of America,

             Appellee,

      v.

Elman Lainfiesta-Areyanos,

             Appellant.

\* Appeal from the United States
District Court for the
District of Minnesota.

[UNPUBLISHED]

_____

Submitted: March 25, 2010
Filed: April 29, 2010

_____

Before WOLLMAN, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Elman Lainfiesta-Areyanos appeals the district court's denial of his Federal Rule of Criminal Procedure 41(g) motion seeking the return of property allegedly seized from him upon his arrest, including a cell phone, a wallet, two identification documents, and a certain amount of cash. We affirm in part and reverse in part.

State authorities in Minnesota arrested Lainfiesta-Areyanos ("Lainfiesta") in October 2005 after receiving information that he possessed drugs. During a search of petitioner's person and vehicle, police found a box containing methamphetamine, a cellular telephone, $1602 in cash, and a wallet containing various identification documents. A federal grand jury charged Lainfiesta with the offense of possession

with intent to distribute methamphetamine. Lainfiesta pled guilty, and the district court sentenced him to 57 months' imprisonment in August 2006. In the meantime, the Hennepin County Attorney in Minnesota administratively forfeited $1602 in cash that was seized from Lainfiesta.

In March 2009, Lainfiesta filed a pro se motion for return of property, pursuant to Federal Rule of Criminal Procedure 41(g), seeking return of property seized from him at the time of his arrest in October 2005. The motion identified this property as $2175 in cash, a wallet, identification documents, and a cellular telephone. The government filed a response, accompanied by two exhibits that contained police reports and a forfeiture notice from the Hennepin County Attorney's Office. Lainfiesta filed a reply. On the basis of these documents, the district court denied the motion, finding that "the $1,602 was subject to forfeiture, and there is no evidence that defendant's other property was seized."

With respect to the disputed cash, we conclude that Lainfiesta-Areyanos did not establish lawful entitlement to it. The record showed that $1602 had been forfeited through state proceedings, and Lainfiesta clearly had no right to possess this cash. If police really did seize another $573 from Lainfiesta, then this amount was not resolved by the administrative forfeiture, but Lainfiesta suggests no reason why the remaining sum would not have been forfeited for the same reasons that the $1602 was forfeited. We thus affirm that aspect of the district court's order. *See United States v. Felici*, 208 F.3d 667, 670 (8th Cir. 2000) (no evidentiary hearing required where the movant was not entitled under the law to possess the disputed property).

Regarding the cell phone, wallet, and identification documents, however, we conclude that the district court erred by dismissing Lainfiesta-Areyonos's motion without an evidentiary hearing. The court "must receive evidence on any factual issue necessary to decide the motion," Fed. R. Crim. P. 41(g), and where there is a factual dispute as to whether the Lainfiesta is lawfully entitled to possess the challenged

property, the court must hold an evidentiary hearing to resolve the matter. *United States v. Burton*, 167 F.3d 410, 411-12 (8th Cir. 1999).

Lainfiesta's motion alleged that the government seized a cellular phone, wallet, and identification documents at the time of arrest. The government's response included a police report authored by an Officer Radke, dated October 27, 2005, that says Radke searched Lainfiesta and "recovered a wallet" that contained "numerous ID's." The report says that Radke found Lainfiesta "in possession of a cellular telephone," and determined that the telephone number assigned to the phone matched a number that a cooperating defendant provided for a drug trafficking source. The report also states that Radke searched Lainfiesta's vehicle after he was arrested. In conclusion, the report says that Radke "bagged up all of the evidence per policy and gave it to Officer Gomez for transport to the property room." This officer's report does not specify whether or not the wallet, identification documents, and cellular phone were among the evidence that was "bagged up."

A report from Officer Gomez states that he received $1602 in cash, a box, and suspected drugs from the Radke. This report does not mention the wallet, identification cards, or cell phone. A list of "Property and Evidence" for Lainfiesta's case that was produced by the police department does not include these items.

In its pleading in the district court, the government stated the following:

> The case agent in this investigation, Detective Randy Olson, Minneapolis Police Department, has represented to the government that items seized by the police and not appearing on the "Property and Evidence" inventory are released back to suspects shortly after the booking process. Detective Olson has searched the Minneapolis Police Department property records in this case and has not found any of the items claimed by the defendant. He has represented that these items were likely returned to the defendant or left in his vehicle.

-3-

The implication of this statement seems to be that Officer Radke may have seized the wallet, identification cards, and cell phone from Lainfiesta, but that he or another officer released them back to Lainfiesta "after the booking process." The government's pleading, however, was not evidence, and the government presented no evidence from Radke, Olson, or any other officer that he or she released any seized property to Lainfiesta or left these items (which were seized from Lainfiesta's person) in Lainfiesta's vehicle.

We conclude that an evidentiary hearing was required. The government's pleading implicitly acknowledged that the police reports alone did not establish that police did not seize Lainfiesta's property. The representation of Detective Olson was necessary to complete the logical chain, but this was not presented as evidence. Lainfiesta, moreover, disputed the government's response, and reiterated his claim that the police seized his wallet, identification documents, and cell phone. (R. Doc. 53). Under those circumstances, an evidentiary hearing was necessary to resolve the factual dispute. *See Williams v. Lockhart*, 849 F.2d 1134, 1137-38 (8th Cir. 1988).

For these reasons, we affirm the district court's order denying Lainfiesta's motion for return of cash, but reverse and remand for an evidentiary hearing with respect to the other property, and for consideration of any alternative arguments concerning Lainfiesta's right to possess the disputed property. *E.g., United States v. Lewis*, 987 F.2d 1349, 1356 (8th Cir. 1993) (discussing forfeiture of cellular telephone).

_____