**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-11024

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

JAMES PETER SABATINO,

a.k.a. James Prolima,
a.k.a. Jimmy Prolima,
a.k.a. James Harvey,
a.k.a. Lenny Santiago,
a.k.a. Jimmy Gutta,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:16-cr-20519-JAL-1

_____

Before WILLIAM PRYOR, Chief Judge, and BRASHER and ABUDU, Circuit Judges.

PER CURIAM:

James Sabatino appeals the district court's denial of his motion for the return of property and an evidentiary hearing. Sabatino, who is currently imprisoned in ADX Florence in Colorado, alleges that the Bureau of Prisons illegally seized two of his hard drives. Sabatino filed his motion under Federal Rule of Criminal Procedure 41(g), which permits individuals aggrieved by unlawful searches and seizures to move for the return of their property. The Rule requires the motion to be filed in the district where the property was seized. Although Sabatino's property was seized in Colorado, he filed his motion in the United States District Court for the Southern District of Florida. Citing the plain text of Rule 41(g), the district court held that the correct forum for Sabatino's motion is the District of Colorado and denied his motion. We affirm.

**I.**

Sabatino is serving a 240-month sentence at ADX Florence in Colorado. Last year, he began going to the prison discovery room to examine the contents of two hard drives in preparation for several pending state cases. Several weeks later, BOP officials seized the hard drives after an officer reported Sabatino watching what the officer believed to be pornography on a discovery computer. Sabatino alleges that the BOP seized the hard drives under the direction of Christopher Browne, an Assistant United States Attorney for the Southern District of Florida.

Despite requests by Sabatino's attorney, the BOP declined to return the hard drives. Instead, it offered to send the material to

the FBI so it could verify its contents and remove potential contraband. Over Sabatino's objections, Browne eventually directed the BOP to "forward the seized items to [the] FBI." Doc. 702 at 13.

Sabatino filed a motion seeking the return of his property in the Southern District of Florida, where his federal criminal case was adjudicated. He filed his motion "pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure." Doc. 702 at 2. He also requested an emergency hearing "to prevent further violations of [his] Fourth, Fifth and Sixth Amendment Rights." *Id.*

The district court denied Sabatino's motion. It cited our unpublished decision in *Pegg v. United States*, 147 F. App'x 886 (11th Cir. 2005), in which we held that Rule 41(g) motions must be brought in the district where the property was seized. Because Sabatino's property had been seized in Colorado, the court ruled that his motion should have been brought in the District of Colorado.

Sabatino timely appealed.

## II.

We review *de novo* all questions of law concerning a district court's denial of a Rule 41(g) motion for return of seized property. *United States v. Howell*, 425 F.3d 971, 973 (11th Cir. 2005). We review factual findings for clear error. *Id.* The district court's decision whether to transfer a case is reviewed for abuse of discretion. *Roofing & Sheet Metal Servs., Inc. v. La Quinta Motor Inns, Inc.*, 689 F.2d 982, 985 (11th Cir. 1982).

### III.

Sabatino offers several reasons why we should reverse the district court. Relevant here, he first argues that venue was proper in Florida because Browne, an Assistant United States Attorney for the Southern District of Florida, allegedly ordered the seizure, and because the hard drives are physically located in the Southern District of Florida. Second, he asserts that the district court's denial of his motion violated his due process rights. He argues that because his communication restrictions prevent him from contacting anyone outside a small list of approved individuals, and because his attorney is not admitted to practice in the District of Colorado, he is left without a remedy. Third, he says that the district court should have transferred the motion to the District of Colorado instead of denying it.

We will address each issue in turn.

First, we will apply Rule 41(g) because Sabatino expressly filed his motion under Rule 41(g) and the district court held that it was filed in the wrong venue for a motion under that Rule. *See Trinidad Foundry & Fabricating, Ltd. v. M/V K.A.S. Camilla*, 966 F.2d 613, 617–18 (11th Cir. 1992) (holding litigant to strictures of rule under which it "chose to proceed"); *Doe v. Princess Cruise Lines, Ltd.*, 657 F.3d 1204, 1213 (11th Cir. 2011) (similar). Although we apply the venue provision of Rule 41(g), we do not decide whether Sabatino's motion is proper or states relief that may be granted under Rule 41(g). Similarly, although the district court labeled its denial as one for "lack of jurisdiction," the district court's reasoning was

about venue. So we construe its denial as one for improper venue under Rule 41(g). *Cf. Cani v. United States*, 331 F.3d 1210, 1216 (11th Cir. 2003) (construing a dismissal of a motion for lack of jurisdiction as a denial on the merits).

Applying the plain text of Rule 41(g), the district court was correct that Sabatino was required to file his Rule 41(g) motion in the District of Colorado. The Rule provides that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." It further directs that "[t]he motion must be filed in the district where the property was seized." Sabatino's hard drives were seized in Colorado. All agree the property was in Colorado at the time it was taken. Although Sabatino argues that the BOP merely "denied [him] access" to the property, Appellant's Br. at 22, that denial is enough to constitute a seizure. *United States v. Jacobsen*, 466 U.S. 109, 113 (1984) ("A 'seizure' of property occurs when there is some meaningful interference with an individual's possessory interests in that property."); *United States v. Ventresca*, 380 U.S. 102, 105 n.1 (1965) ("The Fourth Amendment's policy against unreasonable searches and seizures finds expression in Rule 41 of the Federal Rules of Criminal Procedure."). At the very least, the property was seized when, as Sabatino alleges, "BOP staff mailed the hard drives" to Florida from Colorado. Appellant's Br. at 22.

Sabatino resists this conclusion by arguing that the BOP seized the property "at the direction and authorization of the AUSA" in Florida. *Id*. But Rule 41(g) hinges on "where the property

was seized," not the location of whoever ordered the seizure. For this reason, Sabatino's argument that venue was proper because the hard drives are now physically located in Florida also fails.

Sabatino cites several out-of-circuit decisions holding that district courts may entertain post-conviction Rule 41(g) motions filed in the district where the claimant was tried. *See United States v. Giovanelli*, 998 F.2d 116, 118–19 (2d Cir. 1993); *Thompson v. Covington*, 47 F.3d 974, 975 (8th Cir. 1995). But these decisions are unavailing because they predate the current version of Rule 41(g). In 2002, then-Rule 41(e) was amended (and redesignated Rule 41(g)) to expressly require that post-conviction motions be filed in the district where the property was seized. These amendments resolve any debate relating to the proper venue for a post-conviction Rule 41(g) motion.

Second, Sabatino's due process challenge likewise fails. If there is a due process problem that arises from Sabatino's communication restrictions in prison, that problem is a basis to challenge those restrictions, not to allow motions to be filed in the wrong district court. In the meantime, we note that Sabatino has previously moved to modify his communication restrictions to include new counsel. *See* Docs. 486 and 576. And, although the District of Colorado does not permit attorneys to appear *pro hac vice*, Sabatino's current counsel may apply for admission to the bar or arrange for local counsel. The district court's denial of his motion did not leave Sabatino without a remedy.

Third, the district court was under no obligation to *sua sponte* transfer the motion to the correct district. Under 28 U.S.C. § 1406(a), when venue is improper, a court "shall dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought." "[T]he decision whether to transfer a case is left to the sound discretion of the district court." *Roofing*, 689 F.2d at 985. We have never required a district court to transfer *sua sponte* instead of dismissing for improper venue. Here, Sabatino never asked for a transfer of venue. The district court did not abuse its discretion in declining to *sua sponte* transfer the Rule 41(g) motion.

Because Sabatino's Rule 41(g) motion was filed in the wrong court, the district court correctly denied it.

## IV.

**AFFIRMED**.