[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 98-5915

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 12 2001
THOMAS K. KAHN
CLERK

D. C. Docket No. 90-06036-CR-JAG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GABRIEL ALVARO SCAFF MARTINEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(February 12, 2001)**

Before BARKETT and WILSON, Circuit Judges, and DOWD*, District Judge.

_____
        *Honorable David D. Dowd, Jr., U.S. District Judge for the Northern District of Ohio, sitting by designation.

WILSON, Circuit Judge:

Gabriel Scaff Martinez appeals the district court's denial of his Federal Rules of Criminal Procedure 41(e) ("Rule 41(e)") motion for return of property. Martinez's appeal raises an issue of first impression in our Circuit: Can a district court exercise equitable jurisdiction over a Rule 41(e) motion filed after criminal proceedings have ended? Our answer is "yes." Because the district court erroneously denied Martinez's motion without contemplating exercising equitable jurisdiction, we vacate the district court's order and remand for further proceedings.

## I. BACKGROUND

The United States government confiscated Gabriel Scaff Martinez's car and gun, along with some miscellaneous personal effects, when it arrested him for a federal drug-related offense in 1990. The government charged Martinez with six separate federal crimes, and a jury found him guilty of five of the six counts in 1992. The district court then sentenced Martinez to 295 months of imprisonment to be followed by five years of supervised release. We affirmed Martinez's

conviction and sentence in 1995.  *See United States v. Lozano-Ceron*, 47 F.3d 429

(11th Cir. 1995) (Table).

Three years later, and eight years after his conviction, Martinez filed a Rule

41(e) motion for the return of his property.[1]  In his Rule 41(e) motion, Martinez

requested that the government return his car, gun, and personal effects, which he

valued in the aggregate at $10,000.  The government responded to Martinez's

motion by stating that it had properly seized the car as property used in connection

with illegal drug activity, and that at any rate it had appropriately returned the car

to the financing company that held title.  The government further maintained that it

had returned Martinez's personal effects to Juan Botero, a representative of

Martinez's counsel, and that the DEA permissibly retained Martinez's gun after

introducing it as evidence at trial.

The government offered several legal reasons why the district court should

not order the government to return Martinez's property.  Most important for

purposes of this appeal, the government argued that the district court could not

exercise equitable jurisdiction over Martinez's motion.  A magistrate judge

considered Martinez's motion, and recommended denying Martinez's Rule 41(e)

---

[1]In the interim, Martinez filed a *pro se* motion under 28 U.S.C. § 2255, which is not relevant to our inquiry, although it may factor into the district court's statute of limitations analysis on remand.

motion "for the reasons set forth in the Government's response filed October 28, 1998."  The district court accepted the magistrate judge's recommendation, thereby denying Martinez's Rule 41(e) motion.  Martinez now appeals.

## II.  DISCUSSION

We review *de novo* a district court's determination that it lacks the authority to exercise equitable jurisdiction, as this is purely a question of law.  *See, e.g., Capital Factors, Inc. v. Empire For Him, Inc.*, 1 F.3d 1156, 1159 (11th Cir. 1993) (per curiam) (reviewing *de novo* the scope of a bankruptcy court's equitable powers).

Rule 41(e) provides that a "person aggrieved by an unlawful search and seizure or by the deprivation of property may move the district court for the district in which the property was seized for the return of the property on the ground that such person is entitled to lawful possession of the property."  Fed. R. Crim. P. 41(e).  The procedural posture of Martinez's Rule 41(e) motion is somewhat unusual, because Martinez filed his Rule 41(e) motion *after* the criminal proceedings against him had been concluded.  The novel question presented by this unusual circumstance is whether the district court had jurisdiction to consider Martinez's motion, even though all criminal proceedings against Martinez had ended.

4

We have never addressed this exact issue. We have, however, suggested that equitable relief may be available in a context similar to a Rule 41(e) motion. *See, e.g., United States v. Eubanks*, 169 F.3d 672, 674 (11th Cir. 1999) (per curiam) (affirming the dismissal of a Rule 41(e) motion for return of property while stating that exercise of equitable discretion to review agency forfeiture decisions may be appropriate "under limited circumstances"); *In re $67,470.00*, 901 F.2d 1540, 1545 (11th Cir. 1990) (holding that equitable jurisdiction "might be appropriate when a petitioner's failure to properly seek legal relief resulted from errors of procedure and form or the government's own misconduct . . . ."); *United States v. Castro*, 883 F.2d 1018, 1020 (11th Cir. 1989) (per curiam) ("Although granting Defendant's Rule 41(e) Motion may be inappropriate here, this Court is not without the power to fashion a remedy under its inherent equitable authority.").

Additionally, while we are without precise guidance from within our circuit, caselaw from several other circuits does shed light on the issue before us. Six other circuits have explicitly stated that district courts *can* assert jurisdiction to entertain Rule 41(e) motions made after the termination of criminal proceedings against the defendant. These circuits have treated such motions as civil proceedings for equitable relief. *See United States v. Chambers*, 192 F.3d 374, 376

5

(3d Cir. 1999) (stating that a Rule 41(e) motion made after criminal proceedings end "is treated as a civil proceeding for equitable relief."); *United States v. Solis*, 108 F.3d 722, 722 (7th Cir. 1997) ("[A] post-conviction Rule 41(e) motion will be treated as a civil equitable proceeding for the return of the property in question."); *Thompson v. Covington*, 47 F.3d 974, 975 (8th Cir. 1995) (per curiam) ("Post-conviction filings for the return of property seized in connection with a criminal case are treated as civil equitable actions, and the district court where the claimant was tried has subject-matter jurisdiction ancillary to its criminal jurisdiction to hear the equitable action."); *Rufu v. United States*, 20 F.3d 63, 65 (2d Cir. 1994) (per curiam) (citations omitted) ("The district court where a defendant is tried has ancillary jurisdiction to decide the defendant's post-trial motion for return of seized property. If made after the termination of criminal proceedings against the defendant . . . such a motion should be treated as a civil complaint for equitable relief."); *United States v. Duncan*, 918 F.2d 647, 654 (6th Cir. 1990) (quotation marks and citation omitted) (alteration in original) ("Because the defendant's motion was made after the trial concluded . . . the request for return of the seized property is [essentially] a civil equitable proceeding, notwithstanding the fact that the motion was styled under Fed. R. Crim. P. 41(e)."); *United States v. Martinson*, 809 F.2d 1364, 1367 (9th Cir. 1987) ("A district court has jurisdiction to entertain

motions to return property seized by the government when there are no criminal proceedings pending against the movant. Such motions are treated as civil equitable proceedings even if styled as being pursuant to Fed. R. Crim. P. 41(e).").

Aligning ourselves with the other circuits that have considered this issue, we hold that, under the facts of this case, the district court could have asserted equitable jurisdiction over Martinez's motion for return of his property. In light of our holding, the district court's apparent assumption that it could not exercise equitable jurisdiction over Martinez's motion was wrong; we therefore vacate its decision, and remand for further proceedings.[2]

**VACATED AND REMANDED**.

---

[2]The "decision to exercise equitable jurisdiction is highly discretionary and must be exercised with caution and restraint. . . . [J]urisdiction is appropriate only when the petitioner's conduct and the merits of his petition require judicial review to prevent manifest injustice." *Eubanks*, 169 F.3d at 674 (citations omitted). The district court, having decided equitable jurisdiction was not available to it, did not develop a factual record necessary to determine whether to exercise equitable jurisdiction over Martinez's Rule 41(e) motion. Due to the dearth of a factual record, and the absence of an analysis of those facts, we will not say whether the district court *should* have exercised jurisdiction in this case, without first permitting the district court an opportunity to make the determination. This obviously precludes our review of whether it would have been appropriate for the district court to exercise equitable jurisdiction.

We also decline to analyze two other arguments presented by the parties: first, that Martinez's Rule 41(e) motion was time-barred because Martinez filed his Rule 41(e) motion eight years after the seizure of property; and second, that Martinez may be entitled to monetary restitution in lieu of the property (i.e., Martinez's car, gun, and personal effects) disposed of by the government. These issues are not ripe for our review, as the district court's decision on whether to exercise equitable jurisdiction, and the factual determinations accompanying that decision, will bear on resolution of these issues.

7