UNITED STATES of America, Plaintiff-Appellee,

v.

Carlos Miguel POTES RAMIREZ, Defendant-Appellant.

No. 00-11432.

United States Court of Appeals,

Eleventh Circuit.

Aug. 10, 2001.

Appeal from the United States District Court for the Southern District of Florida. (No. 94-00642-CR-LCN), Lenore C. Nesbitt, Judge.

Before BARKETT and HULL, Circuit Judges, and LIMBAUGH[*], District Judge.

HULL, Circuit Judge:

Appellant Carlos Miguel Potes Ramirez ("Potes Ramirez") appeals the district court's denial of his motion for return of property, filed pursuant to Federal Rule of Criminal Procedure 41(e). The government contends that the district court's denial of Potes Ramirez's motion should be affirmed because (1) Potes Ramirez's notice of appeal from the district court's denial of his motion was untimely, and (2) the district court had no jurisdiction to consider Potes Ramirez's motion because the property at issue has been destroyed. Potes Ramirez argues that his notice of appeal was timely and that the district court should have exercised its equitable jurisdiction over his motion. After review, we reverse and remand.

*I. Background*

On November 25, 1995, Potes Ramirez was arrested by United States Customs officials and charged with importation of cocaine, in violation of 21 U.S.C. § 952(a). At the time of his arrest, the government seized from Potes Ramirez his military card, his Colombian citizenship card, and his navigation license and other navigation-related papers.[1] On February 28, 1995, Potes Ramirez pled guilty and was sentenced to 108 months in prison.

On December 30, 1999, Potes Ramirez filed a motion for the return of the property seized by the

---

[*]Honorable Stephen N. Limbaugh, U.S. District Judge for the Eastern District of Missouri, sitting by designation.

[1]At the time of Potes Ramirez's arrest, the government also seized his Colombian passport. The passport was turned over to the Immigation and Naturalization Service and is not at issue in this case.

government, pursuant to Federal Rule of Criminal Procedure 41(e).[2] On January 10, 2000, the government responded that "[t]he four items listed by defendant in his Motion were destroyed by the Drug Enforcement Administration on March 1, 1996." This responsive pleading was not verified, and no affidavits were filed.

On January 18, 2000, the district court entered an order denying Potes Ramirez's Rule 41(e) motion. The order stated that "the Court finds that the items requested by the defendant have been destroyed." On February 1, 2000, Ramirez filed a motion for reconsideration, which was denied on February 10, 2000. On March 16, 2000, Potes Ramirez filed a notice of appeal from the district court's denial of his Rule 41(e) motion.

## II. Discussion

A.    *Timeliness of Notice of Appeal*

The government contends that this case is governed by the ten-day time period for appeal in criminal cases rather than the sixty-day time period for appeal in civil cases. Specifically, the government argues that Potes Ramirez's notice of appeal from the district court's denial of his Rule 41(e) motion was untimely because it fell outside the ten-day period provided by Federal Rule of Appellate Procedure 4(b)(1)(A)(i) for filing a notice of appeal in a criminal case.[3] Potes Ramirez contends that his notice of appeal was timely

---

[2]Rule 41(e) provides:

> *Motion for Return of Property*. A person aggrieved by an unlawful search and seizure or by the deprivation of property may move the district court for the district in which the property was seized for the return of the property on the ground that such person is entitled to lawful possession of the property. The court shall receive evidence on any issue of fact necessary to the decision of the motion. If the motion is granted, the property shall be returned to the movant, although reasonable conditions may be imposed to protect access and use of the property in subsequent proceedings. If a motion for return of property is made or comes on for hearing in the district of trial after an indictment or information is filed, it shall be treated also as a motion to suppress under Rule 12.

Fed.R.Crim.P. 41(e).

[3]Rule 4(b)(1)(A) provides:

> In a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days after the later of:
>
>> (i) the entry of either the judgment or the order being appealed;  or
>>
>> (ii) the filing of the government's notice of appeal.

Fed. R.App. P. 4(b)(1)(A).

The government contends that Potes Ramirez's notice of appeal was untimely even with

because it fell within the sixty-day period provided by Federal Rule of Appellate Procedure 4(a)(1)(B) for filing a notice of appeal in a civil case where the United States is a party.[4] Because Potes Ramirez's notice of appeal was filed outside the period provided by Rule 4(b)(1)(A)(i) but within the period provided by Rule 4(a)(1)(B), whether Potes Ramirez's notice of appeal was timely depends entirely upon which rule applies.

Although this circuit has not answered this particular question,[5] all other circuits to address the issue have treated a motion for return of property filed after criminal proceedings have terminated as a civil proceeding for equitable relief subject to the sixty-day appeal period in Rule 4(a)(1)(B). *See United States v. Bein,* 214 F.3d 408, 412 n. 3 (3d Cir.2000) ("[W]e find that the time for appeal applicable to civil actions should apply in the context of an appeal from a post-conviction decision on a Rule 41(e) motion and thus, as the Beins appealed within 60 days of [the court's order denying their motion], their appeal is timely."); *United States v. Madden,* 95 F.3d 38, 39 n. 1 (10th Cir.1996) (agreeing with its "sister circuits" that the sixty-day period in Rule 4(a)(1)(B) applied to defendant's Rule 41(e) motion because there was no criminal proceeding pending against the defendant); *United States v. Garcia,* 65 F.3d 17, 18 n. 2 (4th Cir.1995) ("We agree with those circuits that have held that a motion for return of property, at least where no criminal proceedings are pending, is a civil action against the United States. Consequently, the sixty-day period for

---

the additional 30-day excusable neglect period afforded by Federal Rule of Appellate Procedure 4(b)(4). Rule 4(b)(4) provides:

> *Motion for Extension of Time.* Upon a finding of excusable neglect or good cause, the district court may—before or after the time has expired, with or without motion and notice—extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b).

Fed. R.App. P. 4(b)(4).

[4]Rule 4(a)(1)(B) provides that, in a civil case:

> When the United States or its officer or agency is a party, the notice of appeal may be filed by any party within 60 days after the judgment or order appealed from is entered.

Fed. R.App. P. 4(a)(1)(B).

[5]Although this circuit has not previously determined whether a Rule 41(e) motion is governed by the appeal period in Rule 4(b)(1)(A)(i) or Rule 4(a)(1)(B), we have previously held that a district court has authority to exercise equitable jurisdiction over a Rule 41(e) motion brought after criminal proceedings have terminated. *See United States v. Martinez,* 241 F.3d 1329, 1330-31 (11th Cir.2001) (holding that "the district court could have asserted equitable jurisdiction over Martinez's [Rule 41(e) ] motion" even though all criminal proceedings against Martinez had ended, and noting as support for that proposition that "[s]ix other circuits have explicitly stated that district courts *can* assert jurisdiction to entertain Rule 41(e) motions made after the termination of criminal proceedings against the defendant. These circuits have treated such motions as civil proceedings for equitable relief.").

appeals in civil actions in which the United States is a party, rather than the ten-day period for appeals in criminal cases, applies here.") (citations omitted); *United States v. Martinson,* 809 F.2d 1364, 1367 (9th Cir.1987) (holding sixty-day period in Rule 4(a)(1)(B) applies even though Rule 41(e) motion was filed in defendant's criminal case and bore a criminal docket number).[6]

We agree and hold that a Rule 41(e) motion filed after the termination of criminal proceedings is a civil proceeding for equitable relief subject to the sixty-day appeal period in Rule 4(a)(1)(B). The government does not dispute that Potes Ramirez filed his Rule 41(e) motion on December 30, 1999, after criminal proceedings against him had terminated. His motion was therefore a civil proceeding subject to Rule 4(a)(1)(B)'s sixty-day limitations period for filing an appeal. Because the district court denied his Rule 41(e) motion on January 18, 2000, Potes Ramirez's notice of appeal, filed on March 16, 2000, clearly fell within this sixty-day period.[7] His appeal was therefore timely.

B.      *District Court's Equitable Jurisdiction*

The government contends that even if Potes Ramirez's Rule 41(e) motion is treated as a civil proceeding for equitable relief and his notice of appeal was timely under Rule 4(b)(1)(B)(i), the district court correctly denied Potes Ramirez's motion because the property sought in his motion had been destroyed.[8]

When, as here, a Rule 41(e) motion is filed after criminal proceedings have terminated, "the person from whom the property was seized is presumed to have a right to its return, and the government must demonstrate that it has a legitimate reason to retain the property." *United States v. Chambers,* 192 F.3d 374, 377 (3rd Cir.1999). Although the government alleges in its pleadings that the property sought by Potes Ramirez was destroyed, these pleadings are not verified and no supporting affidavits have been filed. There

---

[6]Some courts have treated orders resolving motions under Rule 41(e) as civil for purposes of appeal, regardless of whether the motion is filed during criminal proceedings or after criminal proceedings have terminated. *See, e.g., Hunt v. United States Dep't of Justice,* 2 F.3d 96, 97 (5th Cir.1993); *United States v. Taylor,* 975 F.2d 402, 403 (7th Cir.1992). Unlike these courts, we hold only that a Rule 41(e) motion filed after the termination of criminal proceedings is a civil proceeding for equitable relief subject to the 60-day appeal period in Rule 4(a)(1)(B).

[7]Because Potes Ramirez's notice of appeal was filed 57 days after the district court's order dated January 18, 2000, denying his Rule 41(e) motion, we need not consider the effect, if any, of his motion for reconsideration.

[8]We review *de novo* a district court's denial of a Rule 41(e) motion for return of property. *See United States v. Castro,* 883 F.2d 1018, 1019 (11th Cir.1989). We also review *de novo* a district court's determination that it lacks the authority to exercise equitable jurisdiction. *See Martinez,* 241 F.3d at 1330.

is no evidence in the record that Potes Ramirez's property was destroyed. Therefore the government has not met its burden in this case, and the district court was incorrect to deny Potes Ramirez's motion without requiring the government to submit at least some evidence of the property's destruction. *See, e.g., id.* at 377-78 ("The government must do more than state, without documentary support, that it no longer possesses the property at issue."); *Mora v. United States,* 955 F.2d 156, 158 (2d Cir.1992) ("Research has revealed no authority for the proposition that a district court must rely on a representation, made by the government or any other litigant for that matter. Instead, in making a determination, a trial court must rely on the evidence before it."). We leave it to the district court's discretion on remand to determine how the government should present evidence of the property's destruction.

Even if the district court determines upon remand based on evidence presented by the government that Potes Ramirez's property has been destroyed, this Court has held that a district court can exercise equitable jurisdiction over a Rule 41(e) motion filed after the termination of criminal proceedings. *See United States v. Martinez,* 241 F.3d 1329, 1330 (11th Cir.2001) (holding that "the district court could have asserted equitable jurisdiction over Martinez's motion for return of his property").

In its briefs on appeal, the government contends that even if a district court has authority to exercise equitable jurisdiction over a Rule 41(e) motion filed after the termination of criminal proceedings, the district court should not exercise its equitable jurisdiction in this case because Potes Ramirez delayed more than four years before requesting the return of the seized items. While the doctrine of laches is pertinent and should be considered, we leave it to the district court to consider it in the first instance, as well as whether Potes Ramirez is entitled to an equitable remedy.

If the district court finds that Potes Ramirez's claim is not barred by laches and that an equitable remedy is appropriate, then the court has authority to fashion equitable relief. In the context of Rule 41(e) motions, several circuit courts have remarked on a district court's authority to fashion an equitable remedy, when appropriate, even if the property at issue has been lost or destroyed. *See, e.g., Thompson v. Covington,* 47 F.3d 974, 975 (8th Cir.1995) (noting that because the court has power to fashion equitable relief, "the case is not mooted by the government's assertion that it cannot find Thompson's property"); *Mora,* 955 F.2d at 159 (noting that "[a]ssuming the property is gone, the question then is what relief may be granted"); *Martinson,* 809 F.2d at 1367-68 ("It is the historic purpose of equity to secure complete justice. The courts will be alert to adjust their remedies so as to grant the necessary relief.") (citations omitted).

C.    *Money Damages*

Potes Ramirez's Rule 41(e) motion did not mention money damages explicitly, but asked the district court "in its discretion" to "grant such other and further relief it deems according protect [sic] its integrity and judicial process." Potes Ramirez argues that the district court has equitable jurisdiction to fashion a remedy for the destruction of his property, and notes that "[t]he circuits are divided about whether a defendant can collect money damages if the government has improperly disposed of his property." He states that he "is not, however, conceding that he is ineligible for such [money] damages."[9] The government contends that sovereign immunity protects the government from money damages resulting from the destruction of Potes Ramirez's property.

This Court has never determined whether the government is immune from suit for money damages resulting from the destruction of property seized from a criminal defendant. A split exists in the circuits as to whether money damages are available under Rule 41(e). *Compare Mora,* 955 F.2d at 160, and *Martinson,* 809 F.2d at 1368 (damages available), *with United States v. Jones,* 225 F.3d 468, 470 (4th Cir.2000), *Bein,* 214 F.3d at 413, and *Pena v. United States,* 157 F.3d 984, 986 (5th Cir.1998) (damages not available).

Sovereign immunity protects the government from lawsuits for damages unless immunity is expressly waived by statute. *Lane v. Pena,* 518 U.S. 187, 192, 116 S.Ct. 2092, 135 L.Ed.2d 486 (1996). A waiver of sovereign immunity must be expressly and unequivocally found in the statutory text and cannot be implied. *Id.* Not only is there no express and unequivocal statutory waiver by Congress which would apply to Ramirez's claims, but the Federal Tort Claims Act specifically prohibits money damages for "[a]ny claim arising in respect of ... the detention of any goods, merchandise, or other property by any ... law enforcement officer." 28 U.S.C. § 2680(c). The Supreme Court has reaffirmed that the United States has not waived its sovereign immunity with respect to "a claim resulting from negligent handling or storage of detained property." *Kosak v. United States,* 465 U.S. 848, 854, 104 S.Ct. 1519, 79 L.Ed.2d 860 (1984); *see also Schlaebitz v. United States Dep't of Justice,* 924 F.2d 193 (11th Cir.1991) (affirming dismissal of federal prisoner's claim for money damages based on United States Marshal's unauthorized release of prisoner's luggage and its contents to a third party).

For these reasons, we agree with the Third, Fourth and Fifth Circuits and hold that sovereign

---

[9]Potes Ramirez's counsel during oral argument confirmed that Potes Ramirez wants to "leave open" the option of money damages should it be determined that his property was indeed destroyed.

immunity protects the government from money damages sought under Rule 41(e).[10]

## III. Conclusion

For the foregoing reasons, we reverse the district court's order denying Appellant Carlos Miguel Potes Ramirez's Rule 41(e) motion for return of property and remand to the district court for proceedings consistent with this opinion.

REVERSED AND REMANDED.

---

[10]Because Ramirez brought his claim under only Rule 41(e), we express no view as to whether alternative legal avenues may afford Ramirez some relief.  *See Jones,* 225 F.3d at 470 n. 3 (citing *United States v. James Daniel Good Real Property,* 510 U.S. 43, 48, 114 S.Ct. 492, 126 L.Ed.2d 490 (1993)).