82 P.3d 38 (2004)
James J. MAIOLA, Appellant,
v.
The STATE of Nevada, Respondent.
No. 39440.
Supreme Court of Nevada.
January 15, 2004.
Marcus D. Cooper, Public Defender, and Sharon G. Dickinson, Deputy Public Defender, Clark County, for Appellant.
Brian Sandoval, Attorney General, Carson City; David J. Roger, District Attorney, James Tufteland, Chief Deputy District Attorney, and Marc P. DiGiacomo, Deputy District Attorney, Clark County, for Respondent.
Before SHEARING, C.J., BECKER and GIBBONS, JJ.

OPINION
PER CURIAM.
The principal issue in this appeal is whether the district court has equitable jurisdiction to hear a motion for return of property under NRS 179.085 after there has been a completed administrative forfeiture proceeding. We conclude that it does.

FACTS
On February 10, 2000, appellant James Maiola was arrested and taken into custody by the Las Vegas Metropolitan Police Department (LVMPD) after detectives conducted a search of Maiola's residence at 6462 Placer, pursuant to a search warrant. The State filed a criminal complaint against Maiola for the charges of manufacturing or compounding of a controlled substance, trafficking in a controlled substance, and possession of a firearm as an ex-felon. At the time of Maiola's initial arraignment, the district court appointed a public defender to represent Maiola and set the preliminary hearing date for September 13, 2000.
On August 4, 2000, prior to Maiola's preliminary hearing, the district attorney filed a civil complaint on behalf of the LVMPD for forfeiture of two of Maiola's assets. The complaint stated that during a search of Maiola's person, the detectives located $543 in Maiola's pocket. The detectives also found a firearm described as a .22 caliber AR-7 Explorer rifle in Maiola's bedroom. Maiola admitted that he had purchased the firearm. The complaint alleged that the $543 was subject to forfeiture pursuant to NRS 453.301(9).[1] The firearm was subject to forfeiture *39 pursuant to NRS 453.301(10).[2] The complaint also alleged that the firearm was subject to forfeiture under NRS 202.340 as a dangerous weapon that was in the possession of a person charged with the commission of a public offense.
On August 11, 2000, having failed to personally serve process on Maiola, the district attorney filed an affidavit of publication for forfeiture action. The affidavit of publication included an affidavit of due diligence by William Friedlander, an investigator for the Clark County District Attorney's Office.
Friedlander verified that Maiola was no longer in custody. Then he attempted to locate Maiola in order to serve him with a summons and complaint for forfeiture. Maiola was no longer living at 6462 Placer. The Department of Motor Vehicles listed 3800 El Conlon as Maiola's address. Friedlander visited that address, but no one answered when he knocked on the door. Friedlander left three notices at that residence, including one on the windshield of a newly registered car parked in the driveway, and he also mailed two notices to that address.
Based on Friedlander's affidavit, the district court filed an order for publication on August 11, 2000. From August 17 to September 14, 2000, forfeiture proceedings were published in the Nevada Legal News pursuant to the district court's order for publication. On September 13, 2000, while the forfeiture proceedings were being published in the Nevada Legal News, Maiola, his counsel and a deputy district attorney were present in court at the preliminary hearing on the criminal charges.
On October 6, 2000, the district court signed an entry of default against Maiola. On October 13, 2000, the district attorney's office filed a motion for judgment by default, and on October 17, 2000, a judgment by default against Maiola's assets of $543 and the AR-7 Explorer .22 caliber rifle was entered.
In the criminal proceedings, Maiola filed a motion to suppress all evidence recovered as a result of an unlawful search. The district court filed an order granting that motion on November 1, 2001. On February 2, 2002, the State stipulated to dismissal of the criminal case against Maiola. The district court ordered that the money be returned to Maiola if a forfeiture action had not been commenced.
On February 12, 2002, Maiola filed a motion for return of property, specifically the $543, pursuant to the provisions of NRS 179.085. The district court heard the motion for return of property on February 27, 2002. The district court stated that because the forfeiture action had already been completed, the $543 reverted to the State. Therefore, the court held that it had no basis to consider Maiola's motion for return of property. The district court entered an order denying Maiola's motion for return of property on March 5, 2002. Maiola filed a timely notice of appeal.

DISCUSSION
Maiola alleges that his due process rights have been violated because the State did not exercise due diligence in notifying him of the administrative forfeiture proceeding. Maiola also argues that the district court has equitable jurisdiction under NRS 179.085 to determine whether the State used due diligence in serving Maiola. We conclude that the district court has equitable jurisdiction to adjudicate Maiola's NRS 179.085 motion and remand this case to the district court to determine whether the State exercised due diligence in serving Maiola in the administrative forfeiture proceeding.
*40 The United States Constitution provides that "[n]o State shall ... deprive any person of ... property[ ] without due process of law."[3] The Nevada Constitution also provides that "[n]o person shall be deprived of... property[ ] without due process of law."[4] The Due Process Clause requires notice and an opportunity to be heard before the government deprives a person of his or her property.[5]
NRS 179.085 provides for the return of property to a person aggrieved by an unlawful search and seizure in a criminal case. NRS 179.085 provides in pertinent part:
1. A person aggrieved by an unlawful search and seizure may move the court having jurisdiction where the property was seized for the return of the property and to suppress for use as evidence anything so obtained on the ground that:
(a) The property was illegally seized without warrant;
(b) The warrant is insufficient on its face;
(c) There was not probable cause for believing the existence of the grounds on which the warrant was issued; or
(d) The warrant was illegally executed.
The judge shall receive evidence on any issue of fact necessary to the decision of the motion.
2. If the motion is granted the property shall be restored unless otherwise subject to lawful detention and it shall not be admissible evidence at any hearing or trial.
This court has not addressed whether a district court has jurisdiction to hear a motion for return of property under NRS 179.085 when there has been a completed administrative forfeiture proceeding. However, the majority of the federal circuit courts have held that federal district courts have equitable jurisdiction under Federal Rule of Criminal Procedure 41(g) (formerly 41(e)) "to entertain motions to return property seized by the government when there are no criminal proceedings pending against the movant."[6] Former Rule 41(e) provided:
A person aggrieved by an unlawful search and seizure or by the deprivation of property may move the district court for the district in which the property was seized for the return of the property on the ground that such person is entitled to lawful possession of the property. The court shall receive evidence on any issue of fact necessary to the decision of the motion. If the motion is granted, the property shall be returned to the movant, although reasonable conditions may be imposed to protect access and use of the property in subsequent proceedings.[7]
In United States v. Marolf, the United States Court of Appeals for the Ninth Circuit held that former Rule 41(e) allows "a district court [to] retain[ ] equitable jurisdiction to adjudicate claims of inadequate notice of administrative forfeitures."[8] Similarly, in *41 United States v. Clagett, the Ninth Circuit held that prior administrative forfeiture of funds seized during an arrest does not preclude a claimant's motion for return of funds under former Rule 41(e) because "[i]f notice of the pending forfeiture was inadequate, ... then the forfeiture proceeding was never available ... in any meaningful sense."[9]
In Price v. Dunn,[10] this court decided whether notice was adequate. This court noted that the Due Process Clause requires a party to exercise due diligence in notifying a defendant of a pending action.[11] "Where other reasonable methods exist for locating the whereabouts of a defendant, plaintiff should exercise those methods."[12]
We hold that the district court has equitable jurisdiction under NRS 179.085 to determine whether the State exercised due diligence in notifying Maiola of the administrative forfeiture proceeding.

CONCLUSION
We therefore reverse the district court's order and remand this matter to the district court to determine if the State exercised due diligence based on this court's decision in Price.
NOTES
[1] NRS 453.301(9) provides that "[e]verything of value furnished or intended to be furnished in exchange for a controlled substance" is property subject to forfeiture. NRS 453.301(9) also provides:

If an amount of cash which exceeds $300 is found in the possession of a person who is arrested for a violation of NRS 453.337 or 453.338, then there is a rebuttable presumption that the cash is traceable to an exchange for a controlled substance and is subject to forfeiture pursuant to this subsection.
[2] NRS 453.301(10) provides that "[a]ll firearms... in ... possession of a person who possesses or is consuming, manufacturing, transporting, selling or under the influence of any controlled substance in violation of the provisions of NRS 453.011 to 453.552" are subject to forfeiture.
[3] U.S. Const. amend. XIV, § 1.
[4] Nev. Const. art 1, § 8(5).
[5] Levingston v. Washoe Co., 112 Nev. 479, 484, 916 P.2d 163, 166 (1996).
[6] United States v. Martinson, 809 F.2d 1364, 1366-67 (9th Cir.1987); see also U.S. v. Martinez, 241 F.3d 1329, 1330 (11th Cir.2001) (noting that "district courts can assert jurisdiction to entertain Rule 41(e) motions made after the termination of criminal proceedings against the defendant"); U.S. v. Chambers, 192 F.3d 374, 376 (3d Cir.1999) (noting that a district court has equitable jurisdiction "to entertain a [Rule 41(e)] motion for return of property made after the termination of criminal proceedings against the defendant"); U.S. v. Solis, 108 F.3d 722, 722 (7th Cir.1997) (noting that "a post-conviction Rule 41(e) motion will be treated as a civil equitable proceeding for the return of the property in question"); Thompson v. Covington, 47 F.3d 974, 975 (8th Cir.1995) (per curiam) (holding that "[p]ost-conviction filings for the return of property seized in connection with a criminal case are treated as civil equitable actions, and the district court where the claimant was tried" has jurisdiction over the equitable action); Rufu v. U.S., 20 F.3d 63, 65 (2d Cir.1994) (noting that a district court has jurisdiction to decide a defendant's motion for return of seized property if made after the termination of criminal proceedings); U.S. v. Duncan, 918 F.2d 647, 654 (6th Cir.1990) (noting that a Rule 41(e) motion is a civil equitable proceeding when made after the criminal proceedings are completed).
[7] Fed.R.Crim.P. 41(e), 18 U.S.C. app. (2000) (renumbered 2002).
[8] 173 F.3d 1213, 1216 (9th Cir.1999).
[9] 3 F.3d 1355, 1356 (9th Cir.1993).
[10] 106 Nev. 100, 787 P.2d 785 (1990).
[11] Id. at 103, 787 P.2d at 787.
[12] Id.