[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 04-15177
Non-Argument Calendar
_____

D. C. Docket No. 96-00022-CR-PAS

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 24, 2005
THOMAS K. KAHN
CLERK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID HARRELL,
a.k.a. Darren Johnson,
a.k.a. Robin Hood,
et al.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 24, 2005)

Before ANDERSON, BIRCH and BARKETT, Circuit Judges.

PER CURIAM:

David Harrell, a federal prisoner proceeding pro se, appeals the district court's order denying his motion to correct his sentence pursuant to Fed.R.Crim.P. Rule 35(a). On appeal, he argues that the district court erred in finding that his Rule 35(a) motion had to be filed within seven days after the imposition of his sentence. He argues in his initial brief that because he was sentenced under the federal sentencing guidelines, he can challenge the illegality of the sentence under Rule 35(a), pursuant to Blakely v. Washington, 542 U.S. __, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). Harrell also argues in his Reply brief that under United States v. Booker, 543 U.S. ___, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the district court should have granted relief pursuant to Blakely and Booker. Harrell also asserts that because all of his co-defendants entered into plea agreements before he proceeded to the re-trial, the conspiracy count could no longer exist, since he was the only person named and charged in the redacted indictment. Accordingly, the sentence violated his due process rights because the government never proved the existence of the conspiracy. Harrell also argues that his sentence exceeded the 20 years statutory maximum because in addition to 235 months' of imprisonment the district court imposed three years of supervised release.

Whether a district court has subject matter jurisdiction is a question of law subject to de novo or plenary review. See United States v. Martinez, 241 F.3d

2

1329, 1330 (11th Cir. 2001)(court's determination that it did not have equitable jurisdiction is reviewed <u>de novo</u>); <u>see</u> <u>United States v. Sjeklocha</u>, 114 F.3d 1085, 1087, (11th Cir. 1997)(whether the district court had the authority to re-sentence the defendant under former Rule 35(a) and 28 U.S.C. § 2255 is a legal question subject to plenary review).

The 1987 version of the Rule 35(a) provided that "the court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence." Fed.R.Crim.P. 35(a)(1987). The "time provided herein for the reduction of sentence" referred to the timing requirements in Fed.R.Crim.P. 35(b), which allowed a sentence reduction "within 120 days after the sentence is imposed or probation is revoked, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment or conviction or probation revocation." Fed.R.Crim.P.35(b)(1987). Rule 35(a), as amended on November 1, 1987, permitted correction of a sentence upon remand from the court of appeals:

> (a) Correction of a Sentence on Remand. The court shall correct a sentence that is determined on appeal under 18 U.S.C. 3742 to have been imposed in violation of law, to have been imposed as a result of an incorrect application of the sentencing guidelines, or to be

3

unreasonable, upon remand of the case to the court. Fed.R.Crim.P.35(a)(2002). As of December 1, 2002, Rule 35(a)[1] provides that "within 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed.R.Crim.P. 35(a)(2005). The 7-day requirement in the current version of Rule 35(a) is jurisdictional. United States v. Diaz-Clark, 292 F.3d 1310, 1317 (11th Cir. 2002)(discussing former Rule 35(c), which became new Rule 35(a) on December 1, 2002).

The record reveals that Harrell was charged with crimes that he committed between 1991 and 1996. Accordingly, the pre-November 1, 1987, version of Rule 35(a) is inapplicable to Harrell's situation. Furthermore, the version of the Rule 35(a) that was in effect at the time Harrell was convicted has no application either, because his sentence was not remanded from the court of appeals. Under the circumstances of this case, current Rule 35(a) applies but provides no relief to Harrell, because his motion was filed years after the seven-day period had expired, and therefore, was untimely. Accordingly, the district court lacked jurisdiction to correct Harrell's sentence, and this we need not address Harrell's claims on the merits.

---

[1] The seven day limitation was contained in former Rule 35(c). See Fed.R.Crim.P. 35(c)(2002), and 2002 Advisory Committee Notes to current Rule 35.

4

Even if the district court had construed Harrell's motion as a motion for relief under § 2255, there was no relief available to Harrell because he had already filed a § 2255 motion, and there was no indication in the record that he had obtained our authorization to file a second or successive § 2255 motion.[2]

Based on the foregoing, the district court did not err by denying Harrell's Rule 35(a) motion. As such, it is not necessary to analyze the merits of Harrell's claims.

Accordingly, upon review of the record and consideration of the briefs of the parties, we affirm.

AFFIRMED.

---

[2] In any event, we have held that the Supreme Court has not made <u>Blakely</u> retroactively applicable on collateral review. <u>See</u> <u>In re Dean</u>, 375 F.3d 1287, 1290 (11th Cir. 2004). We have also held that because the Supreme Court has not made <u>Booker</u> retroactively applicable to cases on collateral review, an application to file a second or successive § 2255 petition based on <u>Booker</u> does not meet the statutory criteria. <u>In re Anderson</u>, 396 F.3d 1336, 1340 (11th Cir. 2005). For these reasons, and because Harrell's motion to supplement his initial brief to discuss <u>Booker</u> was rendered unnecessary by Harrell's subsequently filed reply brief which did address <u>Booker</u>, Harrell's motion to supplement is denied as moot.