[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 12, 2008
THOMAS K. KAHN
CLERK

No. 07-13153
Non-Argument Calendar
_____

D. C. Docket No. 06-00269-CR-CAP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEU HERRERA-CONTRERAS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

**(March 12, 2008)**

Before DUBINA, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Appellant Jeu Herrera-Contreras ("Herrera") appeals his convictions and

292-month sentence for conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846, and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h).

First, he argues on appeal that law enforcement officers violated his rights under the Fourth Amendment by testing a key, seized from him incident to his arrest, to see if it fit the lock on a closet in which officers found evidence of drug trafficking and money laundering. He argues that he possessed a reasonable expectation of privacy in the information that his key fit the lock, and, therefore, the warrantless testing of his key did not fall under any exception to the Fourth Amendment's prohibition against unreasonable searches, even though the officers had a warrant to search the premises.[1]

"In reviewing a district court's denial of a motion to suppress, we review its findings of fact for clear error and its application of law to those facts *de novo*." *United States v. Ramirez*, 476 F.3d 1231, 1235-36 (11th Cir. 2007), *cert. denied*, 127 S. Ct. 2924 (2007). The district court's factual findings are construed in the light most favorable to the prevailing party. *United States v. Smith*, 459 F.3d 1276, 1290 (11th Cir. 2006), *cert. denied*, 127 S. Ct. 990 (2007).

The Fourth Amendment prohibits "unreasonable" searches and seizures of

_____

[1]We would be faced with a different question if there were no warrant to search the premises.

2

areas in which a person enjoys a "reasonable expectation of privacy." *United States v. Segura-Baltazar*, 448 F.3d 1281, 1285 (11th Cir. 2006) (quotation omitted). The Supreme Court has held that, while simply looking at an object in plain view does not constitute a search, "taking action," such as, for example, moving a piece of stereo equipment in order to observe its serial numbers, constitutes a "search" because it "expose[s] to view" something that was theretofore concealed. *See Arizona v. Hicks*, 480 U.S. 321, 325, 107 S. Ct. 1149, 1152-53 (1987).

The Supreme Court has established an exception for unwarranted searches that are performed incident to custodial arrest, which is justified by "the reasonableness of searching for weapons, instruments of escape, and evidence of crime when a person is taken into official custody and lawfully detained." *United States v. Edwards*, 415 U.S. 800, 802-03, 94 S. Ct. 1234, 1236-37 (1974). The Supreme Court further noted that, in a search incident to arrest, a defendant's belongings may be seized "and later subjected to laboratory analysis[, and] the test results are admissible at trial." *Id.* at 803-04, 94 S. Ct. at 1237.

Because the record demonstrates that law enforcement agents seized Herrera's keys pursuant to a lawful search incident to arrest, and used the key in executing their warrant to search the premises which dissipated his reasonable

expectation of privacy regarding the keys, seized as evidence, we conclude that the district court did not err in denying his motion to suppress evidence obtained when agents used his keys to unlock the closet, and we affirm his convictions.

Next, Herrera argues that the district court clearly erred by holding him accountable, at sentencing, for 5,945.5 kilograms of cocaine, which was the amount discerned by the probation officer in the Presentence Investigation Report.

A district court's determination of drug quantity is reviewed for clear error. *See United States v. Simpson*, 228 F.3d 1294, 1298 (11th Cir. 2000). When the defendant objects to the base offense level, the government must establish the quantity of drugs by a preponderance of the evidence. *United States v. Agis-Meza*, 99 F.3d 1052, 1055 (11th Cir. 1996). Pursuant to U.S.S.G. § 2D1.1(c)(1), the base offense level for an offense involving 150 kilograms or more of cocaine is 38. In a multi-participant conspiracy, an individual defendant is responsible for his own acts, as well as the reasonably foreseeable acts of others taken in furtherance of the jointly undertaken conspiracy. *United States v. Ismond*, 993 F.2d 1498, 1499 (11th Cir. 1993).

Because ledgers to which Herrera had access, and on which authorities discovered his fingerprints, detailed numerous drug transactions exceeding 150 kilograms each, the record supported the district court's determination that he was

4

accountable for 5,945.5 kilograms of cocaine.

Next, Herrera argues that the district court erred by not crediting him with a reduction for his allegedly minor role in the offense. We review a district court's determination of whether a defendant qualifies for a minor-role reduction for clear error. *United States v. Rodriguez De Varon*, 175 F.3d 930, 945 (11th Cir. 1999). The defendant bears the burden of proving his minor role by the preponderance of the evidence. *Id.* The district court must measure the defendant's role against the relevant conduct for which he has been held accountable at trial, and, if that is not dispositive, it may, "measure the defendant's culpability in comparison to that of other participants in the relevant conduct." *Id.* at 941, 944.

Because Herrera did not present any evidence that his actual conduct was minor relative to the relevant conduct for which he was implicated, nor did he demonstrate that his role in the relevant conduct was minor relative to other discernable co-conspirators, the district court did not err in declining to credit him with a minor-role reduction.

Finally, Herrera argues that his sentence was unreasonable because he previously worked to support his family, had no prior criminal record, had only a small, non-violent role in the cocaine distribution conspiracy, did not lie on the witness stand, and was the only one of all of his co-conspirators to receive a

5

conviction.

When reviewing a sentence, we must first determine that the "district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, [or] failing to consider the § 3553(a) factors." *Gall v. United States*, __ U.S. __, __ 128 S. Ct. 586, 597 (2007). If we conclude that the district court made no procedural errors, we "should then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Id*. at __, 128 S. Ct. at 597. In reviewing for substantive reasonableness, we consider the sentence, in its entirety, in light of the 18 U.S.C. § 3553(a) factors, which include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

*United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005) (citing 18 U.S. C. § 3553(a)).

Because Herrera's sentence fell at the low end of the guideline range for his offense, and the district court made specific findings with regard to the reasons for

the sentence that it imposed, we conclude that his sentence was not unreasonable.

Accordingly, we affirm his sentence.

**AFFIRMED.**