[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15622
Non-Argument Calendar
_____

D.C. Docket No. 1:06-cr-00269-CAP-AJB-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEU HERRERA-CONTRERAS,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(May 21, 2014)

Before TJOFLAT, JORDAN, and FAY, Circuit Judges.

PER CURIAM:

Jeu Herrera-Contreras, a federal prisoner serving an imprisonment sentence of 292 months, appeals the district judge's order denying his motion for return of his property.  We affirm.

## I. BACKGROUND

A. Underlying Criminal Proceedings and Motion to Vacate

In 2006, Herrera-Contreras was indicted for conspiracy to possess with intent to distribute at least five kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii), and 846 (Count 1); and conspiracy to launder money, in violation of 18 U.S.C. § 1956(a)(1)(A)(i), (a)(1)(B)(i), and (h) (Count 2).  The indictment contained a forfeiture provision seeking "[a] sum of money representing the amount of proceeds obtained as a result of the controlled substance offense" and "[o]ne sum of $803,543 in United States currency."  R1-40 at 1-3.

Before trial, Herrera-Contreras filed several motions seeking to suppress evidence of drug trafficking and money laundering seized, when agents executed a search warrant at a home in Lawrenceville, Georgia, in April 2006.  Herrera-Contreras argued the warrant had not authorized the agents to use a key, seized during his arrest, to open a locked closet in the master bedroom.  The district judge denied the motions to suppress, and the case proceeded to trial.  After Herrera-Contreras was convicted, the district judge ordered Herrera-Contreras to forfeit to

2

the government $803,543, which agents had seized from the Lawrenceville home. We affirmed Herrera-Contreras's convictions on direct appeal and rejected his argument that agents violated his Fourth Amendment rights by testing his key to see if it fit the lock of the closet. *United States v. Herrera-Contreras*, 269 F. App'x 875, 876-77 (11th Cir. 2008) (per curiam).

Herrera-Contreras later filed a 28 U.S.C. § 2255 motion to vacate his sentence and again challenged the search of the Lawrenceville home, where he "package[d] about 4 million dollars per month of gross drug proceeds." R2-149 at 3-4. In support of his § 2255 motion, Herrera-Contreras submitted a declaration in which he asserted the money he counted in the Lawrenceville home did not constitute "drug trafficking profits," but "drug trafficking proceeds," which he had counted, packaged, and forwarded to Mexico on behalf of a cartel. R2-152-1 at 6-7. The district judge denied Herrera-Contreras's § 2255 motion, as well as his subsequent Federal Rule of Civil Procedure 59(e) motion to alter judgment, and we denied a certificate of appealability. *Herrera-Contreras v. United States*, No. 12-13511 (11th Cir. Apr. 22, 2013).

B. Motion for Return of Property

In April 2012, Herrera-Contreras filed a pro se motion under Federal Rule of Criminal Procedure 41(g), seeking the return of $2.1 million, which he alleged agents illegally seized during the search of his locked bedroom closet. He asserted

3

agents found $2,940,340 in his bedroom closet, but reported and forfeited only $803,543.  The government filed a response supported by an excerpt from Herrera-Contreras's trial transcript, in which a government witness testified agents found $803,543 in the closet.  R2-167-1 at 2-9.  The district judge denied Herrera-Contreras's Rule 41(g) motion, because (1) he had not shown the government seized the $2.1 million at issue, and (2) regardless, Herrera-Contreras did not have "clean hands," because any amounts at issue were the proceeds of drugs sales.  On appeal, Herrera-Contreras argues the district judge erred by denying his Rule 41(g) motion without holding an evidentiary hearing to resolve disputed factual issues.

## II. DISCUSSION

On appeal from the denial of a Rule 41(g) motion, we review questions of law de novo and factual findings for clear error.  *United States v. Howell*, 425 F.3d 971, 973 (11th Cir. 2005).  We review "the equitable equation" of the district judge's decision to deny a Rule 41(g) motion for abuse of discretion.  *United States v. Machado*, 465 F.3d 1301, 1307 (11th Cir. 2006), *abrogated on other grounds as recognized in United States v. Lopez*, 562 F.3d 1309, 1312-13 (11th Cir. 2009).  Pursuant to Rule 41(g), a person aggrieved by an unlawful search and seizure of property may move for its return.  Fed. R. Crim. P. 41(g).

Where a party invokes Rule 41(g) after the close of all criminal proceedings, the motion for return of property is treated as a civil action in equity.  *Machado*,

4

465 F.3d at 1307.  Equitable jurisdiction must be exercised "with caution and restraint" and is appropriate only when necessary to "prevent manifest injustice," in light of the movant's conduct and the merits of his request.  *United States v. Martinez*, 241 F.3d 1329, 1331 n.2 (11th Cir. 2001) (citation and internal quotation marks omitted) (addressing Federal Rule of Criminal Procedure 41(e), the predecessor to Rule 41(g)).

To merit relief under Rule 41(g), the movant must have an ownership right in the property sought and must come into the transaction with "clean hands." *Howell*, 425 F.3d at 973-75.  "The court must receive evidence on any factual issue necessary to decide the motion."  Fed. R. Crim. P. 41(g); *see also United States v. Potes Ramirez*, 260 F.3d 1310, 1314 (11th Cir. 2001) (concluding the district judge incorrectly denied a criminal defendant's Rule 41(e) motion based on the government's unsupported allegation that the property at issue had been destroyed).

Herrera-Contreras has cited no binding precedent in support of his argument the district judge was required to hold a hearing, where the judge received evidence showing the government did not possess the $2.1 million at issue.  *See* Fed. R. Crim. P. 41(g); *Potes Ramirez*, 260 F.3d at 1314 (recognizing the government must submit some evidence of property destruction, but it is within the district judge's discretion to determine how evidence should be presented).  The

5

district judge received a declaration submitted by Herrera-Contreras in support of his Rule 41(g) motion and an excerpt from Herrera-Contreras's trial transcript, which was already part of the record.  Therefore, the judge properly denied Herrera-Contreras's Rule 41(g) motion.

The district judge also properly concluded Herrera-Contreras's "unclean hands" status barred the relief he sought.  *See Howell*, 425 F.3d at 977.  In a declaration filed with his § 2255 motion, Herrera-Contreras stated the money he had counted and packaged in the Lawrenceville home constituted "drug trafficking proceeds."  R2-152-1 at 6-7.

Furthermore, under the law-of-the-case doctrine, findings of fact and conclusions of law by an appellate court generally are binding in all later proceedings in the same case in the trial court or on appeal.  *Mega Life & Health Ins. Co. v. Pieniozek*, 585 F.3d 1399, 1405 (11th Cir. 2009); *see also AIG Baker Sterling Heights, LLC v. Am. Multi-Cinema, Inc.*, 579 F.3d 1268, 1270-71 (11th Cir. 2009) (explaining the law-of-the-case doctrine bars relitigation of issues decided, either explicitly or by necessary implication, in an earlier appeal of the same case).  The law-of-the-case doctrine, however, does not bar reconsideration of an issue if (1) a later trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to

6

that issue, or (3) the prior decision was clearly erroneous and would work a manifest injustice.  *Mega Life & Health Ins. Co.*, 585 F.3d at 1405.

We previously rejected Herrera-Contreras's challenge to the lawfulness of the search of his closet, and he has advanced no factual allegations or legal arguments suggesting any of the exceptions to the law-of-the-case doctrine apply. *Herrera-Contreras*, 269 F. App'x at 876-77.  The law of the case bars his argument that the unclean-hands doctrine does not apply because the seizure was unlawful.  *See Mega Life & Health Ins. Co.*, 585 F.3d at 1405; *AIG Baker Sterling Heights, LLC*, 579 F.3d at 1270.

In view of his conduct and the lack of merit in his arguments, Herrera-Contreras has failed to show the equitable relief he requested in his Rule 41(g) motion was necessary to prevent manifest injustice.[1]  *See Martinez*, 241 F.3d at 1331 n.2.  We affirm the district judge's denial of Herrera-Contreras's Rule 41(g) motion.

**AFFIRMED.**

---

[1] We decline to address Herrera-Contreras's argument, raised for the first time in his reply brief, that the unclean-hands doctrine may bar relief only if the government was injured by his conduct.  *See United States v. Woods*, 684 F.3d 1045, 1064 n.23 (11th Cir. 2012) (explaining an appellant abandons an issue if he fails to develop any argument in support of it in his opening brief); *United States v. Evans*, 473 F.3d 1115, 1120 (11th Cir. 2006) (explaining we will not consider arguments raised for the first time in a reply brief).